UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES HOLMES,<br><br>                    Plaintiff,<br><br>v.<br><br>DR. ESTOCK, DR. BAL, S. CHAIKEN, C. REGULES, AND DOES 1-3,<br><br>                    Defendants. | Case No.:  16CV2458-MMA(BLM)<br><br>**SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS** |

On February 17, 2017, Defendants answered Plaintiff's Complaint alleging that Defendants were deliberately indifferent to Plaintiff's serious medical needs in violation of his Eighth Amendment rights and negligent. ECF No. 8; see also ECF No. 1 at 4-6. The Court determines that neither an Early Neutral Evaluation Conference nor a Case Management Conference are needed in this case. See CivLR 16.1(e)(8). The Court issues the following orders:

**IT IS HEREBY ORDERED**:

1. Any motion to join other parties, to amend the pleadings, or to file additional pleadings must be filed by **March 24, 2017**.

2. All fact discovery shall be completed by all parties on or before **August 18, 2017**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient

period of time in advance of the cut-off date, <u>so that it may be completed by the cut-off date</u>, taking into account the times for service, notice, and response as set forth in the Federal Rules of Civil Procedure.

Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Federal Rule of Civil Procedure 37(a)(1) and Civil Local Rule 26.1(a).  All discovery motions must be filed within 30 days of the service of an objection, answer or response which becomes the subject of dispute or the passage of a discovery due date without response or production, and only after counsel have met and conferred and have reached impasse with regard to the particular issue.  The Court's procedures for resolving discovery disputes are set forth in Magistrate Judge Barbara L. Major's Civil Chambers Rules, which are posted on the Court's website.  **A failure to comply in this regard will result in a waiver of a party's discovery issue.  Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

3. The parties must designate their respective experts in writing by **September 15, 2017**.  The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid.  This requirement is not limited to retained experts.  The date for exchange of rebuttal experts must be by **September 29, 2017**.  The written designations must include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide.  The list must also include the normal rates the expert charges for deposition and trial testimony.

4. By **November 3, 2017**, each party must comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure.  This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.  **Except as provided in the paragraph below, any party that fails to make these disclosures will not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial.  In addition,**

**the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

5.   Any party must supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) by **November 17, 2017**.

6.   All expert discovery must be completed by all parties by **December 22, 2017**. The parties must comply with the same procedures set forth in the paragraph governing fact discovery.

7.   Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

8.   Motions in limine are due **April 23, 2018**, and will be heard at the Pretrial Conference.  Oppositions to motions in limine are due **May 7, 2018**.  No Reply briefs will be accepted.[1]   All other dispositive pretrial motions, including motions for summary judgment and motions addressing *Daubert* issues, must be filed by **January 22, 2018**. Counsel for the moving party must obtain a motion hearing date from Judge Anello's law clerk.  The period of time between the date you request a motion date and the hearing date may vary from one district judge to another.  Please plan accordingly.  Failure to make a timely request for a motion date may result in the motion not being heard.

9.   A Mandatory Settlement Conference shall be conducted on **April 9, 2018** at **9:30 a.m.** in the chambers of Magistrate Judge Barbara L. Major located at **333 West Broadway, Suite 1110, San Diego, CA 92101**.  All discussions at the Mandatory Settlement Conference will be informal, off the record, privileged, and confidential. Counsel for any non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference.

   a.   **Personal Appearance of Parties Required**: All parties, adjusters for insured defendants, and other representatives of a party having full and complete authority to enter into a binding settlement, as well as the principal attorneys responsible for the

---

[1] For further information regarding motions in limine, please refer to Judge Anello's Civil Chambers Rules.

litigation, must be present **in person** and legally and factually prepared to discuss settlement of the case.  Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be cause for immediate imposition of sanctions and may also result in the immediate termination of the conference.

      Unless there is good cause, persons required to attend the conference pursuant to this Order shall not be excused from personal attendance.  Requests for excuse from attendance for good cause shall be made in writing at least three (3) court days prior to the conference.  Failure to appear in person at the Mandatory Settlement Conference will be grounds for sanctions.

      b.    **Full Settlement Authority Required**: In addition to counsel who will try the case, a party or party representative with full settlement authority[2] must be present for the conference.  In the case of a corporate entity, an authorized representative of the corporation who is not retained outside counsel must be present and must have discretionary authority to commit the company to pay an amount up to the amount of Plaintiff's prayer (excluding punitive damages prayers).  The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.  Counsel for a government entity may be excused from this requirement so long as the government attorney who attends the Mandatory Settlement Conference (1) has primary responsibility for handling the case, and (2) may negotiate settlement offers which the attorney is willing to recommend to the government official having ultimate settlement authority.

      c.    **Confidential Settlement Statements Required**: No later than **March 30, 2018**, the parties shall submit directly to Magistrate Judge Major's chambers (via hand

---

[2] "Full settlement authority" means that the individuals at the settlement conference must be authorized to explore settlement options fully and to agree at that time to any settlement terms acceptable to the parties. Heileman Brewing Co. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party.  Pitman v. Brinker Int'l, Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003).  The purpose of requiring a person with unlimited settlement authority to attend the conference contemplates that the person's view of the case may be altered during the face to face conference.  Id. at 486.  A limited or a sum certain of authority is not adequate.  See Nick v. Morgan's Foods, Inc., 270 F.3d 590, 595-97 (8th Cir. 2001).

delivery or email address) confidential settlement statements no more than ten (10) pages in length.  **These confidential statements shall not be filed or served on opposing counsel.**  Each party's confidential statement must set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including any previous settlement negotiations, mediation sessions, or mediation efforts, the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the settlement conference.  If a specific demand or offer for settlement cannot be made at the time the brief is submitted, then the reasons therefore must be stated along with a statement as to when the party will be in a position to state a demand or make an offer.

General statements that a party will "negotiate in good faith" is not a specific demand or offer contemplated by this Order.  It is assumed that all parties will negotiate in good faith.

d.   **Requests to Continue a Mandatory Settlement Conference**:  Any request to continue the Mandatory Settlement Conference or request for relief from any of the provisions or requirements of this Order must be sought by a **written *ex parte* application**.  The application must (1) be supported by a declaration of counsel setting forth the reasons and justifications for the relief requested, (2) confirm compliance with Civil Local Rule 83.3(h), and (3) report the position of opposing counsel or any unrepresented parties subject to the Order.  **Absent good cause, requests for continuances will not be considered unless submitted in writing no fewer than (7) days prior to the scheduled conference.**

**If the case is settled in its entirety before the scheduled date of the conference, counsel and any unrepresented parties must still appear in person, unless a written joint notice confirming the complete settlement of the case is filed no fewer than twenty-four (24) hours before the scheduled conference.**

If Plaintiff is incarcerated in a penal institution or other facility, Plaintiff's presence is not required at conferences before Judge Major, and Plaintiff may appear by telephone.  In that case, defense counsel is to coordinate Plaintiff's appearance by telephone.

10. The parties must file their Memoranda of Contentions of Fact and Law and take any other action required by Local Rule 16.1(f)(2) by **April 23, 2018**.

11. Counsel must comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **April 23, 2018**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

12. Counsel must meet and take the action required by Local Rule 16.1(f)(4) by **April 30, 2018**. At this meeting, counsel will discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel will exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits must be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel must note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3). Counsel must cooperate in the preparation of the proposed pretrial conference order.

13. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **May 7, 2018**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's counsel concerning any objections to form or content of the pretrial order, and both parties must attempt promptly to resolve their differences, if any, concerning the order.

14. The final Pretrial Conference is scheduled on the calendar of the **Honorable Michael M. Anello** on **May 21, 2018** at **3:00 p.m**.

15. The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures must be prepared, served and lodged with Judge Anello by **June 8, 2018**,[3] and must be in the form prescribed in and

---

[3] As noted in Judge Anello's Civil Chambers Rules: "This rule modifies and supersedes the deadlines set forth in Civil Local Rule 16.1.f.6.b, as well as any inconsistent terms of a scheduling/case management order issued in a case by the assigned magistrate judge. Judge Anello **does not** require the parties to submit a joint proposed pretrial order *prior* to the final pretrial conference, and thus the requirement of Local Rule 16.1.f.6.b is **waived**. This policy allows for the parties to take into account the Court's rulings on motions in limine when preparing the joint proposed pretrial order."

comply with Local Rule 16.1(f)(6).

16. The trial is scheduled to start on **June 19, 2018** at **9:00 a.m**. The parties must file proposed jury instructions and verdict forms no later than 5 p.m. on **June 14, 2018**, unless otherwise directed by the Court. The parties should simultaneously email an electronic copy (Microsoft Word or Word Perfect format) to Judge Anello's e-file email address, efile_anello@casd.uscourts.gov.

17. The parties must review and be familiar with Judge Anello's Civil Chambers Rules.

18. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

19. The dates and times set forth herein will not be modified except for good cause shown.

20. Briefs or memoranda in support of or in opposition to any pending motion must not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum will exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length must have a table of contents and a table of authorities cited.

21. Plaintiff's counsel must serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated: 2/22/2017

Hon. Barbara L. Major
United States Magistrate Judge