XAVIER BECERRA
Attorney General of California
RICHARD F. WOLFE
Supervising Deputy Attorney General
LISA L. FREUND
Deputy Attorney General
State Bar No. 249174
 600 West Broadway, Suite 1800
 San Diego, CA 92101
 P.O. Box 85266
 San Diego, CA 92186-5266
 Telephone:  (619) 738-9569
 Fax:  (619) 645-2581
 E-mail:  Lisa.Freund@doj.ca.gov
*Attorneys for Defendants
E. Estock, M.D., K. Ball, D.O.,
S. Chaiken, Ph.D., and C. Regules*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHARLES HOLMES** <br><br> **AL-0671,** <br><br> Plaintiff, <br><br> v. <br><br> **DR. ESTOCK; DR. BAL; S. CHAIKEN; C. REGULES; and DOES 1-3,** <br><br> Defendants. | 3:16-cv-02458-MMA-BLM <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTION** <br><br> Courtroom: 3D <br> Judge: The Honorable Michael M. Anello <br> Trial Date: June 19, 2018 <br> Action Filed: 9/28/2016 |

Defendants Dr. Estock, Dr. Ball, S. Chaiken, and C. Regules submit this opposition to Plaintiff Charles Holmes' Motion for Preliminary Injunction (Doc. 12) ("Mot.").

Plaintiff alleges that he has not been given the proper medication to address his kidney/bladder issues, that he should have been transferred to California State Prison (LAC) or Richard J. Donovan Correctional Facility (RJD), which transfer

1

was stopped once he filed this lawsuit, and that abnormalities are occurring with his mail. (Mot. at 3-4.) As discussed below, Plaintiff is not entitled to a preliminary injunction because he has not established a likelihood of success on the merits of his claims, he has not established that he is at risk of irreparable injury if his request is not granted, he has not established that the balance of hardships tip in his favor, and he has not shown that granting an injunction would be in the public's interest.

## STANDARD FOR INJUNCTIVE RELIEF

### I. GENERAL REQUIREMENTS

Preliminary injunctions are "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). Plaintiffs "face a difficult task in proving that they are entitled to this 'extraordinary remedy.'" *Earth Island Institute v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010).

In order to obtain a temporary restraining order or a preliminary injunction, the requesting party must, as a jurisdictional threshold, establish a nexus between the injunctive relief requested and the conduct giving rise to the underlying cause of action. *E. & J. Gallo Winery v. Andina Licores S.A.*, 440 F. Supp.2d 1134, 1138 (E.D. Cal. 2006). Absent such a nexus, the court lacks jurisdiction to address the matters raised in the request. *Id*. *Accord*, *Omega World Travel. Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997); *Lebron v. Armstrong*, 289 F. Supp.2d 56, 61 (D. Conn. 2003).

To obtain a preliminary injunction a plaintiff must show that (1) he is likely to succeed on the merits; (2) he will suffer irreparable harm if an injunction is not granted; (3) that the balance of the equities tips in his favor; and (4) that an injunction is in the public interest. *Winter*, 555 U.S. at 20.

Where a party seeks to enjoin a government agency, "his case must contend with the well-established rule that the Government has traditionally been granted the widest latitude in the dispatch of its own internal affairs." *Rizzo v. Goode*, 423

U.S. 362, 378-79 (1976) (citations and internal quotation marks omitted). "'[J]udicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995).

"[I]njunctive relief is to be used sparingly, and only in a clear and plain case,'" especially when the court is enjoining the conduct of a state agency. *Gomez v. Vernon,* 255 F.3d 1118, 1128 (9th Cir. 2001) (quoting *Rizzo v. Goode,* 423 U.S. 362, 378 (1976)). "[A] plaintiff seeking an injunction against a local or state government must present facts showing a threat of immediate, irreparable harm before a federal court will intervene." *Midgett v. Tri-County Met.Transp. Dist.*, 254 F.3d 846, 851 (9th Cir. 2001). "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." *See Caribbean Marine Svc. Co., Inc. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988).

In addition, the federal court's duty to protect inmates' constitutional rights does not confer the power to manage prisons or the capacity to second-guess prison administrators, a task for which they are ill-equipped. *Touissant v. McCarthy*, 801 F.2d 1080, 1086 (9th Cir. 1986). "[T]he relief ordered by federal courts must be consistent with the policy of minimum intrusion into the affairs of state prison administration." *Id.*

An injunction against a state agency requires a showing of an intentional and pervasive pattern of misconduct. *Thomas v. County of Los Angeles*, 978 F.2d 504, 508 (9th Cir. 1992). To succeed in the preliminary injunction, a plaintiff needs to show the misconduct flowed from a policy, plan or a pervasive pattern, and that the pattern, plan or policy was causally linked to the defendants named in the action. *Id.* at 509. To establish a pervasive pattern of misconduct, a plaintiff must show more than repeated incidents of misconduct; rather, a plaintiff must show a pervasive pattern reflecting department policy. *Id.*

///

"'A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.'" *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004).

## II. ADDITIONAL REQUIREMENTS UNDER THE PRISON LITIGATION REFORM ACT

The Prison Litigation Reform Act ("PLRA") mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials. The PLRA provides, in part:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2).

"Section 3626(a)(2) . . . operates simultaneously to restrict the equity jurisdiction of federal courts and to protect that bargaining power of prison administrators – no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. People of the State of California*, 220 F.3d 987, 999 (9th Cir. 2000). Generalized prospective injunctive relief does not comply with the requirements of the PLRA. *See* 18 U.S.C. § 3626(a)(1)(A) ("[T]he court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.")

/ / /

/ / /

/ / /

/ / /

# ARGUMENT

## I. PLAINTIFF IS UNLIKELY TO SUCCEED ON THE MERITS OF HIS CLAIMS

### A. Plaintiff's Request Should Be Denied Because it Seeks to Enjoin Individuals Who are Not Parties to this Case

A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court. *Zepeda v. INS*, 753 F.2d 719, 728 (9th Cir. 1985); *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1960) (the court is unable to issue an order against individuals who are not parties to a suit pending before it).

The actions Plaintiff seeks to compel (giving medication, transferring to another prison, and the proper delivery of mail) would require actions by individuals who are not named in this case. Plaintiff contends that in January 2017, he was "taken to a special committee for a medical transfer to Donovan." (Mot. at 4.) He was allegedly informed that committee learned of this lawsuit, the transfer was put on hold. (*Id.*)

Plaintiff is currently incarcerated at Calipatria State Prison (*Id.* at 1), and Defendants Regules and Chaiken are located in Sacramento (*Id.* at 2). There is no allegation in the Motion or evidence presented that either of these Defendants have the authority or ability to provide a certain kind of medication to Plaintiff, have the authority or ability to have Plaintiff transferred to another prison, or were on the committee that denied his medical transfer. (Mot.)

Defendants Estock and Ball allegedly work at Calipatria State Prison (*Id.* at 2), but there is no allegation in the Motion that either of these doctors are currently treating Plaintiff or have any authority or control over the medical care he is receiving (Mot.). Further, there was no evidence presented in the Motion that shows either doctor have the authority to order a transfer of any inmate to another

///

facility, let alone Plaintiff, or that either of them were on the committee that denied his transfer. (*Id.*)

Finally, there is no allegation in the Motion or evidence presented that Defendants have any control or authority over the mail system within or outside of the prison. (*Id.*) Plaintiff complains that he sent a 602 appeal in December 2016, which was returned as undeliverable six months later. He attached the envelope documenting the return of the mail to him. (*Id.* at 12.) However, there is no indication from the attached envelope that the reason for the return was because of an action or inaction of one of the Defendants. (*Id.*) Instead, it appears that the return of the mail was at the hands of the United States Postal Service, of which Defendants have no control or authority. If the problem is within the prison mail system, Plaintiff presents no evidence that Defendants have any control or authority over that mail system and caused a delay in Plaintiff receiving mail.

Thus, Plaintiff's allegations about non-party individuals are not properly before this Court. Because the Court does not have the proper parties in front of it, the Court should deny Plaintiff's Motion. *See Armstrong v. Scribner*, No. CIV. 06CV852L(RBB), 2008 WL 268974, at *29 (S.D. Cal. Jan. 30, 2008) (plaintiff's motion to "enjoin persons who are not parties to the present suit and conduct that is unrelated to the claims contained in the Amended Complaint" should be denied); *James v. Scribner*, No. CV F-04-5878 OWW DLB P, 2007 WL 196571 at *3-4 (E.D. Cal. Jan. 23, 2007) (refusing to grant preliminary injunction against prison staff because they were not named as defendants and the plaintiff failed to link their conduct to the named defendants).

### B. An Irregularity in Plaintiff's Mail Delivery is Not at Issue in This Lawsuit

Plaintiff's Motion seeks an unknown remedy as it pertains to the mail system. Regardless of the remedy he seeks, any issue pertaining to the delivery of mail is outside the scope of the issues raised in his Complaint (Doc. 1) ("Compl."). "[A]

party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Harrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (citation omitted).  A court may not issue an injunction in "a matter lying wholly outside the issues in the suit." *DeBeers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945); *see also Dillingham v. Johnson,* No. 13-cv-05777-GR (PR), 2016 WL 304762, *13 (N.D. Cal. Jan. 26, 2016) ("Plaintiff cannot obtain a preliminary injunction or a TRO against a non-party for wrongs different from [the wrongs alleged in the] claims presented in the complaint in this action"); *Williams v. Waco State Prison*, 2015 WL 7458785, *1 (E.D. Cal. Nov. 24, 2015) (denying prisoner's application for preliminary injunctive relief and stating, "Plaintiff's claim about CMF staff members' refusal to issue a lower bunk is unrelated to the claims asserted in Plaintiff's Complaint – namely, that WSP Defendants acted with deliberate indifference by refusing to provide plaintiff medical care following a fall from a bunk").  Thus, a motion for preliminary injunctive relief is properly denied if it is premised "on new assertions of mistreatment that are entirely different from the claim raised and the relief requested" in the case at issue.  *Devose*, 42 F.3d at 471.

Here, Plaintiff alleges violations of his Eighth Amendment right by Defendants to his medical needs.  (Compl.)  Subsequent handling of his mail constitutes a separate matter and not one being addressed in this lawsuit.  Accordingly, Plaintiff's Motion pertaining to the mail delivery must be denied.

II.   **PLAINTIFF CANNOT SHOW IRREPARABLE INJURY**

A plaintiff must demonstrate that irreparable injury is likely in the absence of an injunction.  *Winter*, 555 U.S. at 20.  "The plaintiff must show that he 'has sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged official conduct and the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'" *City of Los Angeles v.*

*Lyons*, 461 U.S. 92, 101-02 (1983). Speculative losses are insufficient. *Goldie's Bookstore, Inc. v. Sup. Ct.*, 739 F.2d 466, 472 (9th Cir. 1984). "Under any formulation of the test, the moving party must demonstrate a significant threat of irreparable injury." *Arcamuzi v. Continental Air Lines, Inc.*, 819 F.2d 935, 937 (9th Cir. 1987). The requesting party is required to carry its burden of persuasion by a clear showing. *See City of Angoon v. Marsh*, 749 F.2d 1413, 1415 (9th Cir. 1984).

In this case, Plaintiff argues that "he has been denied care for a serious medical need contrary to a physician's instruction" and that "if he does not receive proper treatment at the proper time his kidney could bust and he could die." (Mot. at 5.) However, he did not present any evidence to support this allegation. For example, if he had been prescribed a life saving treatment that was being ignored by Defendants, documentation of such treatment surely would have been attached to his Motion or certainly should have been attached to his Motion. Instead, Plaintiff attached appeal documents (Exhibit A) and discharge instructions (Exhibit B), which do not indicate that anything other than acetaminophen, Bactrim, and Doxazosin were on his medication list.[1] (*Id.* at 11-31.)

Plaintiff also argues that Defendants must transfer Plaintiff to either RJD or LAC in order to have his medical needs addressed. (*Id.* at 8.) However, he has not shown this Court that he cannot receive the proper treatment at his current facility or that he must be at a facility located "close to Loma Linda hospital wherein he is being treated." (Mot.) While prison authorities are not permitted to deny a transfer of a prisoner in retaliation for the prisoner's exercise of a constitutional right, the fact Plaintiff has failed to allege any facts that would establish a link between the present lawsuit and the Committee's decision to allegedly deny a transfer to RJD renders his Motion subject to denial. *See Armstrong v. Scribner*, No. CIV. 06CV852L(RBB), 2008 WL 268974, *29 (S.D. Cal. Jan. 30, 2008) (citations

---

[1] Per www.drugs.com, Bactim is an antibiotic used to treat urinary tract infections, and Doxazosin is a medication used to help make urination easier.

omitted); see also *Meachum v. Fano*, 427 U.S. 215, 225 (1976) (prisoners do not have a right to be held in the prison facility of their choice).

Plaintiff did not show irreparable injury necessary to support a preliminary injunction.

## III. THE BALANCING OF THE EQUITIES DOES NOT FAVOR PLAINTIFF

"A preliminary injunction is an extraordinary remedy never awarded as of right," so "[i]n each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at 24 (citations omitted). Here, Plaintiff seeks a nebulous demand for treatment without providing this Court or the defense with a clear indication of exactly what he seeks against Defendants who are not in a position to comply with any order that may be handed down by this Court. He has also not established that granting his Motion will rectify his alleged medical difficulties. The balancing of the equities do not favor Plaintiff.

## IV. GRANTING A PRELIMINARY INJUNCTION IS NOT IN THE PUBLIC INTEREST

"In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Winter*, 555 U.S. at 24. Plaintiff argues that granting an injunction will serve the public interest because it is always in the public interest for prison officials to obey the laws. (Mot. at 7.) It is not, however, in the public interest to allow a Plaintiff, who has not met his burden of proof, to dictate how a prison should run. The federal court's duty to protect inmates' constitutional rights does not confer the power to manage prisons or the capacity to second-guess prison administrators, a task for which they are ill-equipped. *Touissant v. McCarthy,* 801 F.2d 1080, 1086 (9th Cir. 1986). Accordingly, Plaintiff's motion for a preliminary injunction should be denied.

/ / /

# CONCLUSION

For all the reasons stated above, Plaintiff cannot and did not meet his burden of proof for obtaining a preliminary injunction. His Motion must be denied.

Dated:  October 2, 2017                                  Respectfully submitted,

XAVIER BECERRA
Attorney General of California
RICHARD F. WOLFE
Supervising Deputy Attorney General


*s/ Lisa L. Freund*
LISA L. FREUND
Deputy Attorney General
*Attorneys for Defendants*
*E. Estock, M.D., K. Ball, D.O.,*
*S. Chaiken, Ph.D., and C. Regules*

SD2017703609
81826680.docx

## CERTIFICATE OF SERVICE

Case Name: __Holmes v. Estock__     Case No. __3:16-cv-02458-MMA-BLM__

I hereby certify that on **October 2, 2017**, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTION

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On **October 2, 2017**, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Charles Holmes
AL-0671
Calipatria State Prison
P.O. Box 5004
Calipatria, CA 92233

*Plaintiff in Pro Se*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **October 2, 2017**, at San Diego, California.

| A. Lopez | /s/ A. Lopez |
|---|---|
| Declarant | Signature |

SD2017703609
81832368.docx