UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES HOLMES<br>AL-0671,<br><br>                                   Plaintiff,<br><br>v.<br><br>DR. ESTOCK; DR. BAL; S. CHAIKEN;<br>C REGULES; DOES 1-3,<br><br>                                   Defendants. | Case No.: 3:16-cv-02458-MMA-BLM<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>[Doc. No. 12] |

Plaintiff Charles Holmes, currently incarcerated at Calipatria State Prison located in Calipatria, California, and proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging violation of his Eighth Amendment right to adequate medical care and negligence. *See* Doc. No. 1. Plaintiff now moves for preliminary injunctive relief based on his purported need for immediate medical care and treatment of his chronic pain. *See* Doc. No. 12. Plaintiff requests that the Court order Defendants to "(l) proscribe a suitable pain medication sufficient to treat the chronic pain associated with a urinary tract infection, (2) transfer him to a medical institution [such as Richard J.] Donovan or in the alternative Lancaster state prison close to the Loma Linda hospital

wherein he is being treated, (3) stop interfering with his legal mail." *Id*. at 9.  Defendants have filed a response in opposition to Plaintiff's motion.  *See* Doc. No. 15.  For the reasons set forth below, the Court **DENIES** Plaintiff's motion.

## DISCUSSION

*1.     Legal Standard*

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 22 (2008).  A plaintiff seeking injunctive relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20).  An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief.  *Winter*, 555 U.S. at 22.

Requests for prospective relief are further limited by the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the federal right, and is the least intrusive means necessary to correct the violation of the federal right." 18 U.S.C. § 3626(a)(1)(A).

*2.     Analysis*

In order to merit immediate injunctive relief, Plaintiff must establish probable success on the merits with respect to his claims.  Among other things, this includes demonstrating that Defendants have knowingly disregarded an excessive risk to Plaintiff's health. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Plaintiff must also demonstrate that irreparable injury is likely in the absence of an injunction.  *See Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009).  Plaintiff fails to make the required showing.

Plaintiff's supporting documentation, including his own declaration, indicates that

he has received ongoing medical treatment for chronic pain associated with a kidney condition and urinary tract infections.  It appears that Plaintiff is enrolled in the California Department of Corrections and Rehabilitation's Chronic Care Program, where his "medical conditions and medications needs are closely monitored, with care provided as determined medically indicated by the PCP [primary care physician], in accordance with appropriate policies and procedures."  Doc. No. 1-3 at 10.[1]  It further appears that Plaintiff sees his treating physician regularly, and has been examined and/or treated by outside urologists on multiple occasions.  *Id*.  According to Plaintiff, "[o]n August 17, 2017, I was sent to Loma Linda hospital again a biopsy was done on my left kidney, when I left I was only given one day of Tylenol 3 for pain.  On Saturday August 19, 2017 I went to medical staff because I was still discharging blood and my pain level was at a[n] 8, Dr. Lopez was called and told the medical staff to only give me acetaminophen 350, which I was already on."  Pl. Decl. ¶ 8.

   Clearly, Plaintiff does not believe that he is receiving the appropriate medical treatment or sufficient pain relief.  However, mere differences of opinion between a prisoner and prison medical staff as to the proper course of treatment for a medical condition do not give rise to an Eighth Amendment claim.  *See Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) (holding "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim"); *see also Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (deliberate indifference is a high legal standard; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference).  Nor has Plaintiff has not demonstrated that he is at risk of irreparable harm.  Plaintiff has not shown that the decision to prescribe acetaminophen to treat his pain – instead of a narcotic – is medically unacceptable.  *Id*.  Moreover, the documentation submitted by

---

[1] Citations refer to the pagination assigned by the CM/ECF system.

Plaintiff shows that he was most recently prescribed 650 mg of acetaminophen three times a day as needed for pain, a significant increase in dosage. *See* Doc. No. 12 at 24.

With respect to Plaintiff's request for a transfer to a different correctional facility, an inmate does not have a constitutional right to receive medical treatment from the physician or other medical provider of his or her choice. *See, e.g., Calloway v. Contra Costa Cty. Jail Corr. Officers*, 2007 U.S. Dist. LEXIS 3038, 2007 WL 134581, at *31 (N.D. Cal. Jan.16, 2007) (rejecting "the proposition that a prisoner has an Eighth Amendment right to receive treatment in the location or with the provider of his choice"), aff'd, 321 F. App'x 605 (9th Cir. 2009). Nor does Plaintiff does not have a constitutional right to incarceration in a prison of his choice. *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995). Defendants also note that as medical staff, they do not have the authority to order such a transfer, and the Court does not have jurisdiction over the individuals who have authority to do so. "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration & Naturalization Service*, 753 F.2d 719, 727 (9th Cir. 1983). In other words, the Court's injunction can bind only those persons over which the Court has power. *Id*.

Plaintiff also seeks an order enjoining any interference with his legal mail. A party seeking a preliminary injunction must show a "sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." *Pacific Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). "Absent that relationship or nexus, the district court lacks authority to grant the relief requested." *Id*. Plaintiff's legal mail is not a subject of his complaint in this action, and as set forth above, the Court lacks jurisdiction over unknown prison officials who are not defendants in this action.

Finally, Plaintiff requests appointment of counsel to represent him in this action.

1 | There is no constitutional right to counsel in a civil case. *Lassiter v. Dept. of Social
2 | Services*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district
3 | courts have discretion to "request" that an attorney represent an indigent civil litigant.
4 | *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). This
5 | discretion is generally exercised only under "exceptional circumstances." *Id.*; *see also*
6 | *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Plaintiff appears capable of
7 | articulating a factual basis for his claims and litigating this case on his own, and
8 | exceptional circumstances do not warrant appointment of counsel at this time. *LaMere v.
9 | Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's motion for preliminary injunctive relief and denies Plaintiff's request for appointment of counsel without prejudice.

**IT IS SO ORDERED**.

DATE: October 3, 2017

HON. MICHAEL M. ANELLO
United States District Judge