UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES HOLMES,<br><br>                           Plaintiff,<br><br>v.<br><br>DR. ESTOCK, DR. BAL, S. CHAIKEN, C. REGULES, AND DOES 1-3,<br><br>                           Defendants. | Case No.: 16cv2458-MMA(BLM)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR EXTENSION OF TIME AND FOR THE APPOINTMENT OF COUNSEL**<br><br>**[ECF No. 18]** |

On November 15, 2017, Plaintiff filed a "REQ. FOR EXTENSION OF TIME TO FILE EXPERT WITNESS REBUTTAL" that was accepted by the Court on discrepancy on November 27, 2017. See ECF Nos. 17-18. Plaintiff seeks to continue the November 17, 2017 deadline for supplemental disclosures regarding contradictory or rebuttal evidence by sixty days. Id. at 2. In support, Plaintiff states that he is restricted in what he can do due to the fact that he is *pro se* and incarcerated. Id. at 1. Plaintiff notes that this is his first request for an extension of time. Id. In further support, Plaintiff's expert, Dr. Dudley Seth Danoff, submitted a letter to the Court stating that he needs an additional thirty to forty five days to complete his report and that he has not yet received the medical opinion provided to Defendants so that he may provide any necessary rebuttal. See ECF No. 19.

Good cause appearing, Plaintiff's request for a continuance is **GRANTED** as follows:

| Event | Current Date | Continued Date |
|---|---|---|
| Rule 26 Supplemental Disclosures | November 17, 2017 | January 19, 2018 |
| Completion Expert Disc. | December 22, 2017 | February 16, 2018 |

| | | |
|---|---|---|
| Pre-Trial Mtn Filing Cutoff | January 22, 2018 | March 19, 2018 |
| Mandatory Settlement Conference | April 9, 2018 at 9:30 a.m. | June 7, 2018 at 1:30 p.m. |
| Confidential Statements | March 30, 2018 | May 29, 2018 |
| Motions in Limine | April 23, 2018 | VACATED[1] |
| Oppositions to Motions In limine | May 7, 2018 | VACATED |
| Memo of Contentions Of Fact and Law | April 23, 2018 | VACATED |
| Compliance with Pre-Trial Disclosure Reqs. | April 23, 2018 | VACATED |
| Rule 16.l(f)(4) Narrowing Of Triable Issues Mtg. | April 30, 2018 | VACATED |
| Produce Pre-Trial Order | May 7, 2018 | VACATED |
| Proposed Final Pretrial Conference. Order Served/Lodged | June 8, 2018 | VACATED |
| Final Pretrial Conf. | May 21, 2018 at 3:00 p.m. | VACATED |
| Trial | June 19, 2018 | VACATED |
| Proposed Jury Instructions | June 14, 2018 | VACATED |

---

[1] If appropriate, following the filing of an order ruling on a motion for summary judgment or other dispositive pretrial motion, or in the event no such motion is filed, Judge Anello will issue a pretrial scheduling order setting a pretrial conference, trial date, and all related pretrial deadlines. The parties must review and be familiar with Judge Anello's Civil Chambers Rules, which provide additional information regarding pretrial scheduling.

16cv2458-MMA(BLM)

All other requirements and guidelines remain as previously set.  See ECF No. 9.

In addition to the continuance, Plaintiff requests that the Court appoint counsel to represent him "due to the complexity of the medical complaint at issue."  ECF No. 18 at 1-2.  The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation.  Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25 (1981).  However, under 28 U.S.C. § 1915(e)(1), courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances."  Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004).  A finding of exceptional circumstances demands at least "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Thus far, Plaintiff has drafted and submitted pleadings and motions without the assistance of counsel.  See Docket.  In addition to the instant motion, he has submitted a complaint (ECF No. 1), a motion to proceed in forma pauperis (ECF No. 2), and a motion for preliminary injunction (ECF No. 12).  From the Court's review of these documents, it is clear that Plaintiff is able to articulate the claims of his case.  The Court previously denied Plaintiff's request for counsel [see ECF No. 16] and Plaintiff's current request does not provide any new facts justifying such an extraordinary remedy.  ECF No. 18.  Further, Plaintiff does not demonstrate a likelihood of success on the merits such that his case should be classified as an "exceptional circumstance[]."  Agyeman, 390 F.3d at 1103; see also Wilborn, 789 F.2d at 1331.  Because Plaintiff has not alleged the requisite "exceptional circumstances" at this time, the Court **DENIES** without prejudice Plaintiff's request for appointment of counsel.

**IT IS SO ORDERED**.


Dated:  12/1/2017

_Barbara L. Major_

Hon. Barbara L. Major
United States Magistrate Judge

16cv2458-MMA(BLM)