BRIAN A. VOGEL (No. 167413)
LAW OFFICES OF BRIAN A. VOGEL, PC
770 County Square Drive, Suite 104
Ventura, CA 93003
Telephone: (805) 654-0400
Facsimile: (805) 654-0326
E-Mail: brian@bvogel.com

Attorneys for Plaintiff Charles Holmes

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES HOLMES (AL-0671), an individual, | 3:16-cv-02458-MMA-BLM |
| Plaintiff, | NOTICE OF EX PARTE MOTION AND EX PARTE MOTION TO MODIFY THE SCHEDULING ORDER TO ALLOW FOR FILING OF A FIRST AMENDED COMPLAINT AND TO REOPEN DISCOVERY FOR 120 DAYS |
| vs. | |
| DR. ESTOCK, DR. BAL; S. CHAIKEN, PHD; C. REGULES; AND, and DOES 1-3, inclusive, | |
| Defendants | Courtroom: 3D<br>Judge: Hon. Michael M. Anello<br>Trial Date: None Assigned.<br>Complaint filed: September 28, 2016 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Plaintiff Charles Holmes will move and hereby does move the Court, pursuant to Civ. L.R. 7.1 (e)(5) and 83.3 (g), for an *ex parte* order to modify the scheduling order to allow for the filing of a first amended complaint to add necessary parties and to reopen discovery for 120 days. Plaintiff

i

requests that the Court hear his *ex parte* motion at the earliest possible date available to the court and defense counsel, telephonically or otherwise.

The motion is based upon the Memorandum of Points and Authorities in support of the motion, the accompanying declaration of Brian A. Vogel ("Vogel Decl.") and Exhibit 1-5 attached thereto, the files and records in this action, and any and all other materials submitted to the Court, on or before the time of its decision in this matter.

Notice of this *ex parte* motion and the reasons therefore were provided to the attorney for all Defendants, Deputy Attorney General, Lisa Freund, on February 6, 2018 both telephonically and via electronic mail. Defense counsel indicated that she would oppose this motion.

DATED: February12, 2018                LAW OFFICES OF BRIAN A. VOGEL, PC


                                       By:    /s/ Brian A. Vogel
                                              Brian A. Vogel, Esq.
                                              Attorneys for Plaintiff,
                                              CHARLES HOLMES (AL-0671)

EX PARTE MOTION TO MODIFY THE SCHEDULING ORDER TO ALLOW FOR FILING OF A FIRST AMENDED COMPLAINT AND TO REOPEN DISCOVERY FOR 120 DAYS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff was convicted of murder in 2011 and is now an inmate serving a life sentence under the care, custody and control of the California Department of Corrections and Rehabilitation ("CDCR"). He is currently housed at Calipatria State Prison ("CSP/CAL"). During the time period relevant to the complaint, he was also housed at the California State Prison-Sacramento ("CSP/SAC"). Plaintiff filed and litigated this case without an attorney until the court issued an order on January 30, 2018 substituting the Law Offices of Brian A. Vogel, PC as counsel for the Plaintiff. [ECF No. 22] Plaintiff's prior requests to appoint counsel to assist him were denied. [*See* ECF No. 16 and 20] Acting as his own attorney, Plaintiff failed to name necessary parties and conduct discovery necessary to prove his claims. As set forth below, good cause exists, pursuant to FRCP, Rule 16(b)(4), for this Court to make an order to modify the scheduling order to allow Plaintiff to amend the complaint, add necessary parties, and to briefly reopen discovery for 120 days so that Plaintiff can engage in necessary discovery.

Initial review of the voluminous expert witness reports and medical records in this matter reveal that Plaintiff's left kidney required surgical repair long before his incarceration in 2011. (Vogel decl. ¶ 11) As described in more detail below, the condition of his left kidney also plays an important role in his last remaining avenue for appealing his conviction, namely, a state court motion to retest DNA evidence pursuant to Penal Code section 1405. (*See* Vogel decl. ¶ 9 and Exhibit 1, p.31-33) After his incarceration in 2011, Plaintiff's left kidney required additional surgical intervention which proved to be unsuccessful in allowing for the proper drainage of urine and wastes from the kidney to the bladder. (Vogel decl. ¶ 11) His medical treatment was also unsuccessful in preventing the reflux of urine from the bladder into the kidney. (*Id.*) Several specialists recommended additional

1

EX PARTE MOTION TO MODIFY THE SCHEDULING ORDER TO ALLOW FOR FILING OF A FIRST AMENDED COMPLAINT AND TO REOPEN DISCOVERY FOR 120 DAYS

surgical repairs and treatment which were not and still have not been provided to Plaintiff. (*Id.*) Consequently, Plaintiff has suffered painful, chronic and recurrent infections of his left kidney from 2011 to the present. (*Id.*) Plaintiff's expert, Dr. Danoff, a renowned and well-published urologist in Los Angeles, CA has opined, in essence, that chronic infection and loss of kidney functionality in one or both [of Plaintiff's] kidneys is inevitable [in the absence of additional surgical intervention]. (Vogel decl. ¶ 12)

## II. PROCEDURAL POSTURE OF CRIMINAL PROCEEDINGS

Following his arrest on charges alleging that he committed a gang-related first-degree murder and intimidated a witness in Los Angeles in 2010, Plaintiff steadfastly maintained his innocence throughout his trial and throughout the appellate process. His direct appeals and initial habeas petitions in state court have been exhausted. (See *Holmes v. Macomber*, No. CDCV 16-311-MWF (KS), ECF no. 20, 2016 U.S. Dist. LEXIS 152137 at p. 2-3 (C.D. Cal. Nov. 1, 2016.)) His initial habeas petition in the United States District Court for the Central District of California was filed one year, one month and five days after the strict one year time limit set forth in 28 U.S.C. § 2244(d)(1). (*Id.* at p. 5) Without addressing the merits of plaintiff's claims, Plaintiff's federal habeas petition was denied with prejudice as untimely. (*Holmes v. Macomber*, *supra.,* ECF no. 24, (C.D. Cal. Nov. 1, 2016)

Plaintiff's state court appeal and habeas petitions alleged numerous irregularities including violations of his 6th amendment right to the effective assistance of counsel based upon trial counsel's failure to investigate: (1) plaintiff's alibi; (2) another possible perpetrator; (3) the existence of a surveillance tape from a nearby business purportedly depicting the getaway vehicle being driven away from the scene by the murderer. (*People v. Holmes*, No. B239704, 2013 Cal.App.

2

EX PARTE MOTION TO MODIFY THE SCHEDULING ORDER TO ALLOW FOR FILING OF A FIRST AMENDED COMPLAINT AND TO REOPEN DISCOVERY FOR 120 DAYS

UNPUB LEXIS \_\_\_\_ (May 24, 2013) More significantly, his trial counsel failed to request DNA testing of various samples collected by law enforcement including a swab of material collected from the airbags of a getaway vehicle which, by all accounts, was driven by the murder suspect who fled the scene of the murder alone in an SUV at a high rate of speed, evaded police, and then crashed into construction debris resulting in the deployment of the vehicle's airbags. Notably, well before the murder was committed, Plaintiff's medical records reveal that his chronically infected kidney, which is the focus of the deliberate indifference claims now pending before the Court, necessitated treatment with a nephrostomy tube which drained urine and other kidney wastes into an externally attached nephrostomy bag, an obvious and potentially rich source of DNA transfer material. (Vogel decl. ¶ 12) The deployment of the previously sealed and cloistered airbags in the vehicle leads, intuitively, to a conclusion that any DNA found thereon was likely either transferred by the worker(s) who manufactured, installed, or repaired the airbags, or the black male observed by police driving the getaway vehicle away from the scene of the murder. It follows that if another suspect's DNA is on the airbag and Plaintiff's DNA is not, retesting the material would potentially exonerate him.

  Plaintiff's last remaining avenue for relief from his conviction lies in a currently unfiled petition to retest DNA evidence in his criminal case, including material collected from the vehicle's airbags. On April 3, 2015, the Los Angeles County Superior Court, appointed attorney Christa Hohmann of the Post Conviction Assistance Center to investigate, and if appropriate, file a petition to retest DNA material. (*See* Vogel decl. ¶ 9-10 and Ex. 1, p. 31-33) As of the date of this filing, a petition to retest the material found on the airbags has not been filed.

3

EX PARTE MOTION TO MODIFY THE SCHEDULING ORDER TO ALLOW FOR FILING OF A FIRST AMENDED COMPLAINT AND TO REOPEN DISCOVERY FOR 120 DAYS

### III. PROCEDURAL HISTORY OF THIS MATTER

On September 28, 2016, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his Eighth Amendment rights by acting with deliberate indifference to his serious medical needs, specifically "[a] kidney ureter issue which caused a bladder infection, urinary tract infection, and chronic pain associated with his ongoing condition." (ECF No. 1, p. 4)  Plaintiff sued Defendants E. Estock, M.D.; K. Bal, D.O., S. Chaiken, Ph.D.; and C. Regules, in their individual and official capacities, as well as Doe defendants employed as members of the Medical Authorization Review at either CSP/CAL or CSP/SAC. [ECF No. 1].  Defendant Estock was his primary care physician at Calipatria State Prison (CSP/CAL) before he was transferred to CSP/SAC where Defendant Bal was the chief medical officer for CSP/CAL during the relevant times, Defendant Chaikan was the chief executive officer at CSP/SAC and Defendant Reglus was the chief support executive at CSP/SAC.

The gravamen of Plaintiff's Complaint is that Defendants were "all aware of Plaintiff's serious medical needs. . . [and] acted with deliberate indifference by failing to make the proper orders of treatment, causing further infections and pain." (*Id*. at p.4)  The complaint also stated that "….the defendants ignored, delayed, and denied proper treatment orders and instead of rectifying the problem ordered me transferred between prisons twice.  Before being transferred I pleaded with the defendants through the institution grievance process and verbally not to keep moving me because my treatment was going to further be delayed. . ." (*Id*.)  Finally, the Complaint states, "the defendants have informed Plaintiff that if he requires more evaluation/treatment he will have to pay for it himself.  (*Id*. at p. 5)

Defendants answered the Complaint on February 17, 2017.  [ECF No. 8]  On February 22, 2017, the Court issued its Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings. [ECF No. 9]  The filing deadlines to Amend

4

EX PARTE MOTION TO MODIFY THE SCHEDULING ORDER TO ALLOW FOR FILING OF A FIRST AMENDED COMPLAINT AND TO REOPEN DISCOVERY FOR 120 DAYS

Pleadings or Add Parties, and Fact Discovery Completion Dates have long since passed.

On September 15, 2017, Plaintiff filed a Motion for Preliminary Injunction and requested the appointment of counsel to assist him. [ECF No. 12] The Court denied this motion on October 3, 2017. [ECF No. 16] On November 15, 2017, Plaintiff filed his first request for extension of time to file his expert witness rebuttal and a request for appointment of counsel that was accepted by the Court on November 27, 2017. [ECF Nos. 17-18] The Court granted a continuance of the following dates to Plaintiff on December 1, 2017:

| | |
|---|---|
| Rule 26 Supplemental Disclosures | January 19, 2018 |
| Completion Expert Disc. | February 16, 2018 |
| Pre-Trial Mtn. Filing Cutoff | March 19, 2018 |
| Mandatory Settlement Conference | June 7, 2018 at 1:30 p.m. |
| Confidential Statements | May 29, 2018 |

The remainder of the pre-trial and trial dates were vacated and the Court denied Plaintiff appointment of counsel. [ECF No. 20] Defendants served Plaintiff with their expert report on November 3, 2017. Plaintiff served his Rule 26 expert rebuttal disclosure on January 19, 2018.

Plaintiff only recently retained the Law Offices of Brian A. Vogel, PC to represent him in this matter. The Court granted the substitution on January 30, 2018. [ECF No. 22] Counsel for parties met and conferred regarding the issues relevant to this motion on January 29, 2018, including Plaintiff's intent to request leave to file an amended complaint, add parties, and briefly reopen discovery. (Vogel decl. ¶ 4) Counsel for the parties agreed on a 30-day extension of the deadlines which had not yet passed but were not able to agree on Plaintiff's adding parties or reopening discovery. (Vogel Decl., ¶ 5) The joint motion requesting a modification of the case management schedule to continue pending deadlines was

5

EX PARTE MOTION TO MODIFY THE SCHEDULING ORDER TO ALLOW FOR FILING OF A FIRST AMENDED COMPLAINT AND TO REOPEN DISCOVERY FOR 120 DAYS

filed on February 1, 2018. [ECF No. 23] The Court granted the request on February 2, 2018. [ECF No. 24] The current schedule is as follows:

| | |
|---|---|
| Completion Expert Disc. | March 16, 2018 |
| Pre-Trial Mtn. Filing Cutoff | April 18, 2018 |
| Mandatory Settlement Conference | July 12, 2018 |
| Confidential Statements | June 28, 2018 |

The parties are scheduling expert depositions prior to March 16, 2018.

Proceeding pro se, Plaintiff did not have the ability or legal education to either adequately name all necessary parties or complete discovery necessary to prove his claim. Counsel for the parties met and conferred on both of these issues and failed to reach an agreement. Consequently, on February 6, 2018 gave formal notice of the filing the instant motion on an *ex parte* basis. (Vogel decl. ¶ 8)

A.   **DEFICIENCIES IN THE COMPLAINT.**

The current warden of CSP/CAL where Plaintiff is currently incarcerated is Warren L. Montgomery. The current secretary of the CDCR is Scott Kernan. Plaintiff failed to name these officials in his complaint. These officials must be added to the Complaint because they are necessary parties who are empowered to comply with an order for injunctive relief. In this court's Order Denying Plaintiff's Motion for Preliminary Injunction, the court noted, as to the named Defendant doctors, that, "as medical staff, they do not have the authority to order such a transfer, and the Court does not have jurisdiction over the individuals who have authority to do so. 'A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.'" (ECF no. 25, p.4, ln, 13 – 18)

///

///

6

EX PARTE MOTION TO MODIFY THE SCHEDULING ORDER TO ALLOW FOR FILING OF A FIRST AMENDED COMPLAINT AND TO REOPEN DISCOVERY FOR 120 DAYS

## B.     DEFICIENCIES IN THE DISCOVERY COMPLETED.

The discovery completed by Plaintiff while he was proceeding pro se is deficient.  He has not been able to obtain the necessary information, documents, or deposition testimony necessary to adequately try his claims for deliberate indifference under 42 U.S.C. §1983.   It appears that Defendants did not provide any initial disclosures to Plaintiff and a review of the discovery propounded by Plaintiff shows that Plaintiff only propounded one set of interrogatories and one set of requests for admissions to two of the named defendants, Dr. Estock and Dr. Bal.  He did not serve any requests for production and erroneously requested the production of documents in his interrogatories.  Plaintiff's written discovery requests were not sufficient to elicit responses which contain the information he needs and to lay an adequate evidentiary foundation for the documents that he does have.  Defendants' responses are deficient in many respects and are replete with failures to answer based upon the assertion that Plaintiff's interrogatories are unintelligible.  (Vogel decl. ¶ 7, Exs. 2-5)  Plaintiff lacked the knowledge and wherewithal to object to Defendants' responses and draft a motion to compel further responses.  As a result, he is saddled with a pitiable amount of information to introduce at trial.  It appears that the only documents produced by Defendants in response to Plaintiff's written discovery consist of "Duty Statements" which describe Defendant Estock and Bal's duties.  It further appears that the only other records produced by Defendants to Plaintiff are the medical records attached to the defense expert report. Even though Plaintiff's claim for deliberate indifference to his serious medical need is ongoing to the present time, the latest date on the medical records provided by the defense expert and reviewed by Plaintiff's expert is September 21, 2017.  Although there is mention of imaging and kidney function analyses consisting of a urethrogram performed on February 3, 2017 and a renal

7

EX PARTE MOTION TO MODIFY THE SCHEDULING ORDER TO ALLOW FOR FILING OF A FIRST AMENDED COMPLAINT AND TO REOPEN DISCOVERY FOR 120 DAYS

ultrasound performed on February 21, 2017 respectively, Plaintiff is not in possession of, and his expert has not an opportunity to review the test results or data related to these analyses.

After substituting in as the attorney for the Plaintiff in this matter, Plaintiff's counsel served requests for medical records for the time period of September 2017 until the present. Despite this, Plaintiff needs documents that can only be obtained if discovery is briefly reopened. These necessary documents include: (1) a copy of his prison file; (2) copies of the transfer papers from Calipatria to Folsom and back to Calipatria; (3) policies, procedures, and regulations governing the referral of prison patients to outside treatment providers and the billing of these services; (4) copies of contracts between the prisons and Plaintiff's outside treatment providers; and (5) copies of the minutes and communications from Defendant's committee meetings wherein Plaintiff's treatment options were discussed and determined.

Furthermore, Plaintiff does not know several important facts including: (1) all of the primary care physicians at the prisons responsible for treating Plaintiff during the time period of 2014 to present; (2) who authorized the removal of his nephrostomy tube; (3) who was the decision-maker on his transfers from CSP/CAL to CSP/SAC and back to CSP/CAL; (4) who made the decision that Plaintiff would have to pay for his own treatment; and (5) the identity of the individuals who made treatment notations in his prison medical records.

Finally, Plaintiff has not taken any depositions and has not had the ability to cross-examine adverse fact witnesses or discover favorable testimony to aid him at trial. Plaintiff should be given the opportunity to depose (1) Dr. Estock; (2) Dr. Fawcett; (3) Nurse Griselda Herrera; (4) Dr. David Hadley; and (5) Dr. Dean Alan Hadley. Plaintiff anticipates that a request of 120 days for a reopening of

8

EX PARTE MOTION TO MODIFY THE SCHEDULING ORDER TO ALLOW FOR FILING OF A FIRST AMENDED COMPLAINT AND TO REOPEN DISCOVERY FOR 120 DAYS

discovery is reasonable and will allow Plaintiff to expeditiously complete the necessary discovery in this matter.

## IV. LEGAL ARGUMENT

"The district court is given broad discretion in supervising the pretrial phase of litigation and its decisions regarding the preclusive effect of a pretrial order... will not be disturbed unless they evidence a clear abuse of discretion." *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 607 (9th Cir. 1992). Federal Rule of Civil Procedure 16(b) provides that when a motion to re-open discovery is made after the period for discovery has closed, the moving party must show "good cause." In considering such motions, the courts focus on the diligence of the party seeking the modification of the case scheduling order, the reason for and importance of the request, including whether it was within the "reasonable control" of the moving party, the risk and extent of prejudice, and the length of the delay and its potential impact on existing pretrial deadlines. *Hassaine v. Home Depot, U.S.A., Inc.*, No. 09CV2215-MMA (BGS), 2011 WL 1213094 (S.D. Cal. Mar. 30, 2011). See also *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1084, 1087-88 (9th Cir. 2002) Federal Rule of Civil Procedure 16(b)(4) sets the relevant standard: "[a] schedule may be modified only for good cause and with the judge's consent." There are four factors a court examines in deciding whether good cause for a modification has been shown: (1) the movant's reasons for needing the extension of the deadline; (2) the importance of the testimony; (3) the prejudice that the respondent would suffer if the extension is allowed; and (4) the availability of a continuance to cure this prejudice. *S & W Enter., Li. C. v. 3 Southtrust Bank of Ala., NA* (2003) 315 F.3d 533, 536.

Plaintiff's reasons for needing this modification are compelling because he has not been able to adequately plead his claims or engage in the discovery necessary to proceed to trial. He therefore will not have a fair chance to succeed at

9

EX PARTE MOTION TO MODIFY THE SCHEDULING ORDER TO ALLOW FOR FILING OF A FIRST AMENDED COMPLAINT AND TO REOPEN DISCOVERY FOR 120 DAYS

trial. In addition, Plaintiff has a continuing serious medical condition that could quickly lead to organ failure and has not been adequately treated to date. The re-opening of discovery would allow for the case to be heard and tried on the merits. Defendants would not suffer prejudice if discovery was re-opened.

There currently is no trial date set in the matter. By Joint Motion and order dated February 1, 2018 [ECF Nos. 23 and 24], the remaining case management dates are as follows:

| | |
|---|---|
| Completion Expert Disc. | March 16, 2018 |
| Pre-Trial Mtn. Filing Cutoff | April 18, 2018 |
| Mandatory Settlement Conference | July 12, 2018 |
| Confidential Statements | June 28, 2018 |

A zealous pursuit of Plaintiff's claims will require the reopening of discovery in order to obtain facts and documents for use at trial. Plaintiff anticipates that the testimony of the health care providers seek to depose will be crucial to Plaintiff's case. Plaintiff also anticipates that propounding narrowly-tailored written discovery to Defendants will assist both Plaintiff and Defendants in preparing for trial. Plaintiff's counsel has been diligent in filing this *ex parte* notice as soon as practicable after reviewing the case file and discovery.

### III. CONCLUSION

Given the above, Plaintiff respectfully requests that the Court grant this *ex parte* request to modify the scheduling order to allow for filing of a first amended complaint and to reopen discovery for 120 days.

DATED: February 12, 2018          LAW OFFICES OF BRIAN A. VOGEL, PC

By:   /s/ Brian A. Vogel
       Brian A. Vogel, Esq.
       Attorneys for Plaintiff,
       CHARLES HOLMES (AL-0671)

10

EX PARTE MOTION TO MODIFY THE SCHEDULING ORDER TO ALLOW FOR FILING OF A FIRST AMENDED COMPLAINT AND TO REOPEN DISCOVERY FOR 120 DAYS