UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES HOLMES,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DR. ESTOCK, DR. BAL, S. CHAIKEN, C. REGULES, AND DOES 1-3,<br><br>　　　　　　　　　　　Defendants. | Case No.: 16cv2458-MMA(BLM)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER AND TO ALLOW FOR FILING OF A FIRST AMENDED COMPLAINT AND TO REOPEN DISCOVERY FOR 120 DAYS**<br><br>**[ECF No. 25]** |

On February 1, 2018, Plaintiff filed a Joint Motion for Order to Modify the Case Management Schedule to Continue Pending Deadlines for 30 Days. ECF No. 23. In support, Plaintiff stated that he recently retained counsel and the parties "are in the process of coordinating deposition dates for the two retained experts," but that given their schedules they needed an additional thirty days to complete discovery. Id. at 3. On February 2, 2018, the Court granted the joint motion as follows:

| **Event**[1] | **Current Date** | **Continued Date** |
|---|---|---|
| Completion Expert Disc. | February 16, 2018 | March 16, 2018 |
| Pre-Trial Mtn Filing | March 19, 2018 | April 18, 2018 |

---

[1] If appropriate, following the filing of an order ruling on a motion for summary judgment or other dispositive pretrial motion, or in the event no such motion is filed, Judge Anello will issue a pretrial scheduling order setting a pretrial conference, trial date, and all related pretrial deadlines. The parties must review and be familiar with Judge Anello's Civil Chambers Rules, which provide additional information regarding pretrial scheduling.

|  | Cutoff | | |
|---|---|---|---|
| Mandatory Settlement Conference | June 7, 2018 at 1:30 p.m. | July 12, 2018 at 2:00 p.m. |
| Confidential Statements | May 29, 2018 | July 2, 2018 |

ECF No. 24.

On February 12, 2018, Plaintiff filed an *Ex Parte* Motion to Modify the Scheduling Order to Allow for Filing of a First Amended Complaint and to Reopen Discovery for 120 Days. ECF No. 25. Plaintiff seeks permission to file an amended complaint and to reopen discovery for an additional 120 days.[2] Id. at 12. In support, Plaintiff argues that previously he "did not have the ability or legal education to either adequately name all necessary parties or complete discovery necessary to prove his claim" and that there are additional officials who must be added to his complaint such as the current secretary of the CDCR and the Warden of the facility where he is currently incarcerated. Id. at 8. Plaintiff also argues that the discovery he conducted while he was proceeding *pro se* was "not sufficient to elicit responses which contain the information he needs and to lay an adequate evidentiary foundation for the documents that he does have." Id. at 9. Plaintiff notes that there are specific documents and information that he will only be able to obtain if discovery is reopened[3]. Id. at 10. Plaintiff also notes that he has not conducted any

---

[2] The deadline to file a motion to amend the pleadings was March 24, 2017 and fact discovery closed on August 18, 2017. See ECF No. 9 at 1.

[3] These necessary documents include: (1) a copy of his prison file; (2) copies of the transfer papers from Calipatria to Folsom and back to Calipatria; (3) policies, procedures, and regulations governing the referral of prison patients to outside treatment providers and the billing of these services; (4) copies of contracts between the prisons and Plaintiff's outside treatment providers; and (5) copies of the minutes and communications from Defendant's committee meetings wherein Plaintiff's treatment options were discussed and determined. ECF No. 25. at 10. Plaintiff also wants to know "(1) all of the primary care physicians at the prisons responsible for treating Plaintiff during the time period of 2014 to present; (2) who authorized the removal of his nephrostomy tube; (3) who was the decision-maker on his transfers from CSP/CAL to CSP/SAC and back to CSP/CAL; (4) who made the decision that Plaintiff would have to pay for his own treatment; and (5) the identity of the individuals who made treatment notations in his prison medical records." Id.

depositions and he would like the opportunity to depose "(1) Dr. Estock; (2) Dr. Fawcett; (3) Nurse Griselda Herrera; (4) Dr. David Hadley; and (5) Dr. Dean Alan Hadley." Id. Plaintiff further argues that (1) he "will not have a fair chance to succeed at trial," without a modification of the scheduling order, (2) he "has a continuing serious medical condition that could quickly lead to organ failure and has not been adequately treated to date," and (3) "[t]he re-opening of discovery would allow for the case to be heard and tried on the merits." Id. at 11-12. Finally, Plaintiff argues that "Defendants would not suffer prejudice if discovery was re-opened." Id. Plaintiff notes that his counsel has been diligent in the filing of the instant motion. Id. at 12.

On February 15, 2018, Defendants filed an opposition to Plaintiff's motion. ECF No. 27. Defendants contend that according to Civil Local Rule 15.1(b), Plaintiff is not permitted to seek to amend his complaint via *ex parte* application and that his request should be denied on this basis. Id. at 2. Defendants also contend that Plaintiff was required to attach a proposed amended pleading to his request which he failed to do and which leaves the Court unable to determine if justice requires the granting of the request to amend. Id. at 2-3. Defendants further contend that Plaintiff has not demonstrated that leave to amend should be granted to add Warden Montgomery and Secretary Kernan because they allegedly have the ability to implement any possible injunction, as Plaintiff has not established that he is "likely to succeed on the merits [of a request for injunction], that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 3-4. Plaintiff has also failed to exhaust his administrative remedies or allege that he has exhausted his administrative remedies with respect to Warden Montgomery and Secretary Kernan and it is unclear that amending the complaint would be within the statute of limitations. Id. at 4-7. Finally, Defendants contend that if Plaintiff is granted additional time to complete discovery, it should be limited to sixty days. Id. at 7. Defendants note that Plaintiff's time to bring a motion to compel has passed and argue that Plaintiff should not be permitted to (1) conduct duplicative discovery to address his previous failings, (2) name additional expert witnesses, or (3) conduct discovery regarding his "custody, commitment, criminal conviction, release, etc." Id. at 7-9.

## LEGAL STANDARD

Once a Rule 16 scheduling order is issued, dates set forth therein may be modified only "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Rule 16 good cause standard focuses on the "reasonable diligence" of the moving party. Noyes v. Kelly Servs., 488 F.3d 1163, 1174 n.6 (9th Cir. 2007); Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294-95 (9th Cir. 2000) (stating Rule 16(b) scheduling order may be modified for "good cause" based primarily on diligence of moving party). Essentially, "the focus of the inquiry is upon the moving party's reasons for seeking modification." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). However, a court also may consider the "existence or degree of prejudice to the party opposing the modification . . . ." Id.

## ANALYSIS

Plaintiff has demonstrated good cause for resetting dates contained in the scheduling order [see ECF No. 9]. Plaintiff's recently retained counsel was diligent in his effort to modify the scheduling order once he became aware of the deficiencies in Plaintiff's discovery that occurred when Plaintiff was proceeding *pro se*. In the seventeen days that have passed since the Court entered an order granting Plaintiff's motion for substitution of counsel [see ECF No. 22], Plaintiff's counsel has filed two motions to continue the dates set in the Court's scheduling order [see ECF Nos. 23 and 25] and has met and conferred with opposing counsel several times in an attempt to reach an agreement. ECF No. 25 at 7-8. In addition, even when Plaintiff was proceeding *pro se*, he was not dilatory in conducting discovery and did attempt to conduct discovery by propounding Interrogatories and Requests for Admissions, but the requests were insufficient and Plaintiff was unable to follow-up on additional responses when he felt that Defendants' responses were inadequate. Id. at 9. "In many circumstances, a pro se litigant's good faith unsuccessful efforts to obtain discovery meet the standard of good cause." Lawrence v. City and County of San Francisco, 2016 WL 3254232, *3 (N.D. Cal. June 14, 2016) (citing Henderson v. Peterson, 2011 WL 441206, at *2 (N.D. Cal. Feb. 3, 2011) (finding good cause after counsel's appointment where "Plaintiff's pro se status" demonstrated "that he was unable to gain access to evidence and information that he might otherwise have obtained had he been

4

16cv2458-MMA(BLM)

represented by counsel").

The Court also finds that the information that Plaintiff seeks to obtain is relevant and proportional in accordance with Federal Rule of Civil Procedure 26(b)(1) and that the information sought will aid in trial preparation and in the resolution of this case on the merits. See Calloway v. Scribner, 2017 WL 1317608, *1 (E.D. Cal. March 27, 2014) (noting that "[c]ourts have permitted the reopening of discovery where a state prisoner proceeding pro se moved to reopen discovery following the appointment or retention of counsel after the discovery cutoff date. In so doing, courts have considered not only the diligence of the prisoner in pursuing discovery, but also the necessity of additional discovery for trial preparation and for resolution of the matter on the merits.") (citing Draper v. Rosario, 2013 WL 6198945, at *1–2 (E.D. Cal. Nov.27, 2013) (court permitted pro se prisoner to reopen discovery when he acquired pro bono counsel after the discovery cut-off date; counsel alone did not entitle plaintiff to additional discovery, but limited additional discovery would serve the ultimate resolution of case on the merits); Woodard v. City of Menlo Park, 2012 WL 2119278, at *1–2 (N.D. Cal. June 11, 2012) (discovery reopened for pro se plaintiff who obtained counsel after the discovery cut-off date, noting that additional fact discovery would serve the interest of justice and the public policy of adjudicating cases on the merits); Henderson, 2011 WL 441206, at *2 (court noted that despite pro se plaintiff's discovery efforts, he was unable to gain access to evidence that he might have obtained had he been represented by counsel)).

Finally, the Court does not find that Defendants will be overly prejudiced by a reopening of the discovery period or a resetting of the deadline to file a motion to amend the complaint.[4] There is no pretrial conference or trial date currently set in this matter so those dates will not be impacted by the reopening of discovery. See Calloway, 2017 WL 1317608, *4 (finding that defendants would not be prejudiced by the reopening of discovery where a trial date had not

---

[4] To the extent Plaintiff is seeking permission to file an amended complaint, Plaintiff's request is **DENIED WITHOUT PREJUDICE**. If Plaintiff wants to file an amended complaint, he must file an appropriate and timely motion before United States District Judge Michael A. Anello in accordance with his Chambers Rules and the Local Rules.

been set and defendants would "be afforded sufficient time to respond to any permitted discovery"). Also, "any prejudice suffered by Defendant in this regard is substantially outweighed by Plaintiff's need to engage in discovery to adequately prepare for trial." Woodard, 2012 WL 2119278, at *1–2 (reopening discovery after the appointment of pro bono counsel).

In light of the Court's findings, **IT IS HEREBY ORDERED THAT**:

1. Any motion to join other parties, to amend the pleadings, or to file additional pleadings must be filed by **March 16, 2018**.

2. All fact discovery must be completed by all parties on or before **June 1, 2018**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for service, notice, and response as set forth in the Federal Rules of Civil Procedure.

Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Federal Rule of Civil Procedure 37(a)(1) and Civil Local Rule 26.1(a). All discovery motions must be filed within 30 days of the service of an objection, answer or response which becomes the subject of dispute or the passage of a discovery due date without response or production, and only after counsel have met and conferred and have reached impasse with regard to the particular issue. The Court's procedures for resolving discovery disputes are set forth in Magistrate Judge Barbara L. Major's Civil Chambers Rules, which are posted on the Court's website. A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.

3. All expert discovery must be completed by all parties by **June 1, 2018**. The parties must comply with the same procedures set forth in the paragraph governing fact discovery.

4. All dispositive pretrial motions, including motions for summary judgment and

motions addressing *Daubert* issues, must be filed by **June 15, 2018**.[5]

5. A Mandatory Settlement Conference shall be conducted on **July 12, 2018** at **2:00 p.m.** No later than **July 2, 2018**, the parties shall submit directly to Magistrate Judge Major's chambers (via hand delivery or email address) confidential settlement statements no more than ten (10) pages in length.

6. All other guidelines and requirements remain as previously set. See ECF No. 9

**IT IS SO ORDERED**.

Dated: 2/16/2018

Hon. Barbara L. Major
United States Magistrate Judge

---

[5] This deadline is not applicable to pretrial motions *in limine*. For further information regarding motions *in limine*, please refer to Judge Anello's Civil Chambers Rules.