UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES HOLMES,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DR. ESTOCK, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 16cv2458-MMA(BLM)<br><br>**ORDER GRANTING JOINT MOTION FOR ORDER TO MODIFY THE CASE MANAGEMENT SCHEDULE TO CONTINUE PENDING DEADLINES FOR 120 DAYS**<br><br>**[ECF No. 41]** |

On February 1, 2018, Plaintiff filed a Joint Motion for Order to Modify the Case Management Schedule to Continue Pending Deadlines for 30 Days. ECF No. 23. In support, Plaintiff stated that he recently retained counsel and the parties "are in the process of coordinating deposition dates for the two retained experts," but that given their schedules they needed an additional thirty days to complete discovery. Id. at 3. On February 2, 2018, the Court granted the joint motion as follows:

| **Event**[1] | **Current Date** | **Continued Date** |
|---|---|---|
| Completion Expert Disc. | February 16, 2018 | March 16, 2018 |
| Pre-Trial Mtn Filing Cutoff | March 19, 2018 | April 18, 2018 |

---

[1] If appropriate, following the filing of an order ruling on a motion for summary judgment or other dispositive pretrial motion, or in the event no such motion is filed, Judge Anello will issue a pretrial scheduling order setting a pretrial conference, trial date, and all related pretrial deadlines. The parties must review and be familiar with Judge Anello's Civil Chambers Rules, which provide additional information regarding pretrial scheduling.

1

| | | |
|---|---|---|
| Mandatory Settlement Conference | June 7, 2018 at 1:30 p.m. | July 12, 2018 at 2:00 p.m. |
| Confidential Statements | May 29, 2018 | July 2, 2018 |

ECF No. 24.

On February 12, 2018, Plaintiff filed an *Ex Parte* Motion to Modify the Scheduling Order to Allow for Filing of a First Amended Complaint and to Reopen Discovery for 120 Days. ECF No. 25. Plaintiff sought permission to file an amended complaint and to reopen discovery for an additional 120 days.[2] Id. at 12. On February 15, 2018, Defendants filed an opposition to Plaintiff's motion. ECF No. 27. On February 16, 2018, the Court issued an Order Granting in Part Plaintiff's Motion.[3] ECF No. 28.

On May 11, 2018, the parties filed a Second Joint Motion to Modify the Case Management Schedule to Continue Pending Deadlines for 120 Day. ECF No. 41. In support, the parties state that the depositions of Plaintiff and at least two material witnesses had to be rescheduled to

---

[2] The deadline to file a motion to amend the pleadings was March 24, 2017 and fact discovery closed on August 18, 2017. See ECF No. 9 at 1.

[3] The Court continued the deadlines as follows:
1. Any motion to join other parties, to amend the pleadings, or to file additional pleadings must be filed by **March 16, 2018**.
2. All fact discovery must be completed by all parties on or before **June 1, 2018**. . . .
3. All expert discovery must be completed by all parties by **June 1, 2018**. The parties must comply with the same procedures set forth in the paragraph governing fact discovery.
4. All dispositive pretrial motions, including motions for summary judgment and motions addressing Daubert issues, must be filed by **June 15, 2018**.
5. A Mandatory Settlement Conference shall be conducted on **July 12, 2018 at 2:00 p.m.** No later than **July 2, 2018**, the parties shall submit directly to Magistrate Judge Major's chambers (via hand delivery or email address) confidential settlement statements no more than ten (10) pages in length.
6. All other guidelines and requirements remain as previously set.

May 15 and 16, 2018 and that a third material witness deposition will be scheduled near the end of the discovery cut off period. Id. at 4.  The parties note that when Plaintiff's counsel attempted to arrange a visit with Plaintiff, he was informed that the only available visiting times are May 31, 2018 or June 1, 2018.  Id.  The parties also argue that Plaintiff's expert, Dr. Dudley Danoff, is currently on medical leave from his practice and unable to review Plaintiff's most recent medical records to recommend a treatment protocol for Plaintiff.  Id.  Plaintiff notes that "Dr. Danoff's treatment recommendations could serve as a blueprint for Plaintiff's request for injunctive relief and provide a firm basis for a renewed request for administrative relief from Defendant KELSO."  Id.  Finally, the parties argue that Plaintiff recently added six Defendants to in his April 3, 2018 First Amended Complaint and that since Defendants' responsive pleadings are not due until June 22, 2018, and because they have not had the opportunity to complete any discovery, including expert discovery, there is good cause for the requested continuance. Id. at 3, 5.

Once a Rule 16 scheduling order is issued, dates set forth therein may be modified only "for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The Rule 16 good cause standard focuses on the "reasonable diligence" of the moving party. Noyes v. Kelly Servs., 488 F.3d 1163, 1174 n.6 (9th Cir. 2007); Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294-95 (9th Cir. 2000) (stating Rule 16(b) scheduling order may be modified for "good cause" based primarily on diligence of moving party).  Essentially, "the focus of the inquiry is upon the moving party's reasons for seeking modification." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  However, a court also may consider the "existence or degree of prejudice to the party opposing the modification . . . ."  Id.

Good cause appearing, the parties' motion is **GRANTED** as follows:

1. All fact discovery must be completed by all parties on or before **October 1, 2018**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for service, notice, and response as set forth in the Federal Rules of Civil Procedure.

Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Federal Rule of Civil Procedure 37(a)(1) and Civil Local Rule 26.1(a). All discovery motions must be filed within 30 days of the service of an objection, answer or response which becomes the subject of dispute or the passage of a discovery due date without response or production, and only after counsel have met and conferred and have reached impasse with regard to the particular issue. The Court's procedures for resolving discovery disputes are set forth in Magistrate Judge Barbara L. Major's Civil Chambers Rules, which are posted on the Court's website. A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.

2.     All expert discovery must be completed by all parties by **October 1, 2018**. The parties must comply with the same procedures set forth in the paragraph governing fact discovery.

3.     All dispositive pretrial motions, including motions for summary judgment and motions addressing *Daubert* issues, must be filed by **October 15, 2018**.[4]

4.     A Mandatory Settlement Conference shall be conducted on **November 9, 2018** at **9:30 a.m.**  No later than **October 30, 2018**, the parties shall submit directly to Magistrate Judge Major's chambers (via hand delivery or email address) confidential settlement statements no more than ten (10) pages in length.

5.     All other guidelines and requirements remain as previously set. See ECF No. 9

**IT IS SO ORDERED**.

Dated:  5/14/2018

Hon. Barbara L. Major
United States Magistrate Judge

---

[4] This deadline is not applicable to pretrial motions *in limine*. For further information regarding motions *in limine*, please refer to Judge Anello's Civil Chambers Rules.