# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

CHARLES HOLMES,

    Plaintiff,

v.

ESTOCK, et al.,

    Defendants.

Case No.: 3:16-cv-02458-MMA-BLM

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

[Doc. No. 37]

    Plaintiff Charles Holmes, a California inmate, brings this civil rights action pursuant to 42 U.S.C. § 1983 alleging violation of his Eighth Amendment right to adequate medical care. Plaintiff, proceeding through counsel, has filed a First Amended Complaint against various medical personnel and correctional officials. *See* Doc. No. 34. Defendants Estock, Ball, Regules, and Chaiken move to dismiss Plaintiff's claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Doc. No. 37. For the reasons set forth below, the Court **GRANTS** Defendants' motion.

# BACKGROUND[1]

Plaintiff, a California inmate, is currently housed at Calipatria State Prison. Plaintiff has a congenital defect in his left kidney, which requires ongoing medical treatment. In February 2012, Plaintiff began to experience flank pain and recurrent urinary tract infections. Plaintiff was then referred for consultation and treatment to two urology specialists. From 2012 to July 2014, Plaintiff was treated by two urologists who recommended further surgery at U.C.S.D. to treat his kidney, which was not draining properly. Dr. Hadley inserted a nephrostomy tube into Plaintiff's left kidney to help with drainage on October 31, 2013. Dr. Hadley recommended the nephrostomy tube not be removed until Plaintiff was further evaluated to decide on definitive surgery to correct an obstruction in his ureter. However, in July 2014, before Plaintiff could be further evaluated, the area around the nephrostomy tube became infected. The nephrostomy tube was subsequently removed.

After the removal, Plaintiff was transferred to California State Prison, Sacramento. According to Plaintiff, Defendant Estock "allowed Plaintiff to be transferred to CSP-SAC." FAC ¶ 32. Plaintiff was not seen by the doctor for 14 days upon his arrival, and developed a kidney infection. Two months later, Plaintiff was treated by a urologist at U.C.S.F., but the treatment was unsuccessful. Plaintiff submitted his first Patient-Inmate Health Care Appeal on July 1, 2014 indicating bad pain in both of his kidneys, and requesting a second opinion from a urologist. Plaintiff was interviewed by Defendant Estock by phone regarding the appeal, and the appeal was denied by Defendant Ball on August 5, 2014. Plaintiff then appealed the denial to California Correctional Health Care Services ("CCHCS"), which was denied on November 25, 2014.

---

[1] Because this matter is before the Court on a motion to dismiss, the Court must accept as true the allegations set forth in Plaintiff's First Amended Complaint. *See Hosp. Bldg. Co. v. Trs. Of Rex Hosp.*, 425 U.S. 738, 740 (1976).

Plaintiff filed a second Patient-Inmate Health Care Appeal on January 16, 2015, indicating that his urine was backing up to his kidney from his bladder and he was in very bad pain. Plaintiff's second appeal was denied on April 1, 2015. Plaintiff appealed the denial to CCHCS, who denied the appeal on October 26, 2015.

Plaintiff was transferred back to Calipatria State Prison in July 2016. Plaintiff has had recurring urinary tract infections ever since, with only temporary relief from recommended antibiotics and self-catheterization. This lawsuit ensued. Plaintiff alleges that Defendants violated his Eighth Amendment right to adequate medical care.

## LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard thus demands more than a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

In determining the propriety of a Rule 12(b)(6) dismissal, courts generally may not look beyond the complaint for additional facts. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.*; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir 2001). "However, [courts] are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir. 1998). Where dismissal is appropriate, a court should grant leave to amend unless the plaintiff could not possibly cure the defects in the pleading. *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009).

## DISCUSSION

Defendants move to dismiss Plaintiff's Eighth Amendment claim against them, asserting that Plaintiff has failed to allege sufficient facts to demonstrate that each defendant acted with deliberate indifference to Plaintiff's serious medical needs.[2]

A determination of deliberate indifference involves a two-step analysis consisting of both objective and subjective inquiries. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "First, the plaintiff must demonstrate a serious medical need such that failure to provide treatment could result in further significant injury or unnecessary and wanton infliction of pain. Second, the plaintiff must show that the defendant's response to the medical need was deliberately indifferent." *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir.

---

[2] Defendants initially argued that Plaintiff failed to timely file his original complaint. In their reply brief, Defendants indicate that they have withdrawn this argument. *See* Doc. No. 49 at 1. The Court notes for the record that in California, the personal injury statute of limitations is two years. *See* Cal. Code Civ. Proc. § 335.1. However, the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process. *See Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005). Plaintiff completed the mandatory exhaustion process on November 25, 2014. Thus, Plaintiff had until November 25, 2016 to file his complaint. Plaintiff timely filed his original complaint on September 28, 2016.

1992) (citations and internal quotations omitted).

Plaintiff has adequately alleged the existence of an objectively serious medical need. Plaintiff has a congenital kidney disease that has resulted in improper function and recurring bladder infections. However, Plaintiff fails to plead adequate "factual content" to show that Defendants acted with "deliberate indifference" to those needs. *McGuckin*, 914 F.2d at 1060; *see also Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Iqbal*, 556 U.S. at 678.

"[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). Plaintiff has not alleged facts to support an inference of deliberate indifference with regard to any of the moving defendants. Plaintiff's primary allegation is generalized and conclusory:

> Defendants ESTOCK, BALL, CHAIKEN and REGULES were personally involved in the grievance process in which plaintiff specifically requested additional care and treatment for his kidney problem. Each of these defendants was aware of the problem yet acted in deliberate indifference to Plaintiff's serious medical needs when they denied his grievances and appeals and failed to take action to remedy his condition.

FAC ¶ 58.

With respect to Defendant Estock, Plaintiff alleges that Estock "allowed Plaintiff to be transferred to CSP-SAC" subsequent to his nephrostomy tube becoming infected and being removed, rather than "following the advice of Dr. Hadley and Dr. Fawcett to arrange for a medical transfer to allow a surgical consult at UCSD." FAC ¶ 32. Even if the Court assumes Defendant Estock had the authority to transfer an inmate, these allegations are insufficient to establish deliberate indifference. "[A] mere difference of medical opinion is insufficient, as a matter of law, to establish deliberate indifference.

Rather, to prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment was medically unacceptable under the circumstances, and was chosen in conscious disregard of an excessive risk [to the prisoner's] health." *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (internal citations and quotations omitted). Moreover, deliberate indifference requires more than gross negligence. *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). And Plaintiff fails to allege facts demonstrating that Defendant Estock "delay[ed] or intentionally interfere[d] with medical treatment." *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

Plaintiff's only specific allegation as to Defendant Ball is that she denied Plaintiff's appeal requesting additional surgical repair to his left kidney on August 5, 2014. Similarly, Plaintiff's only allegation against Defendants Chaiken and Regules is that they were "personally involved in the grievance process in which [P]laintiff specifically requested additional care and treatment for his kidney problem." Doc. No. 34 at 14. These allegations, standing alone, are insufficient to establish deliberate indifference. *See, e.g., Peralta v. Dillard*, 744 F.3d 1076, 1086 (9th Cir. 2014) (finding no Eighth Amendment deliberate indifference claim arising from a physician's response to a grievance where they relied on the medical opinions of staff who investigated the plaintiff's complaints and already signed off on the treatment plan); *see also Iqbal*, 556 U.S. at 678 (to state an Eighth Amendment claim, Plaintiff must include "further factual enhancement").

In sum, Plaintiff has failed to plead sufficient facts to demonstrate that Defendants acted with the type of deliberate indifference that satisfies the subjective standard of Plaintiff's Eighth Amendment claim against them. Accordingly, Plaintiff's claim is subject to dismissal.

//

//

6

3:16-cv-02458-MMA-BLM

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendants' motion to dismiss and **DISMISSES** Plaintiff's Eighth Amendment claim against Defendants Estock, Ball, Regules, and Chaiken. Dismissal is without prejudice and with leave to amend. Plaintiff may file a Second Amended Complaint within fourteen (14) days from the date this Order is filed.

**IT IS SO ORDERED**.

DATE: June 20, 2018

HON. MICHAEL M. ANELLO
United States District Judge