# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES HOLMES,<br><br>       Plaintiff,<br><br>v.<br><br>ESTOCK, et al.,<br><br>       Defendants. | Case No.: 3:16-cv-02458-MMA-BLM<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS THIRD AMENDED COMPLAINT**<br><br>[Doc. No. 83] |

  Plaintiff Charles Holmes, a California inmate, brings this civil rights action pursuant to 42 U.S.C. § 1983 alleging violations of his Eighth Amendment right to adequate medical care. Plaintiff, proceeding through counsel, has filed a Third Amended Complaint ("TAC") against Defendants Estock and Currier, whom he sues in their individual capacities. *See* Doc. No. 81. Plaintiff also sues in their official capacities Defendant Diaz, the Director of the California Department of Corrections and Rehabilitation; Defendant Montgomery, the Warden of the institution where Plaintiff is currently housed; Defendant Nasir, the institution's Healthcare Chief Executive Officer; and Defendant Estock, his former primary care provider. *See id.*

1

Defendants move to dismiss Plaintiff's official capacity claims pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Doc. No. 83. In addition, Defendant Currier moves to dismiss Plaintiff's individual capacity claim. *See id.* Plaintiff filed an opposition to the motion, to which Defendants replied. *See* Doc. Nos. 84, 85. The Court took the motion under submission on the briefs and without oral argument pursuant to Civil Local Rule 7.1.d.1. *See* Doc. No. 86. For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion.

## DISCUSSION

Plaintiff has a congenital defect in his left kidney, which requires ongoing medical treatment. The Court has provided a detailed recitation of Plaintiff's factual allegations in previous orders.[1] *See* Doc. Nos. 51, 79. In sum, Plaintiff maintains that Defendants have failed to provide him with necessary and constitutionally adequate medical treatment for his failing kidney. Based on those allegations and additional facts set forth in his Third Amended Complaint ("TAC"), Plaintiff reasserts causes of action against Defendants Estock, Diaz, Montgomery, and Nasir in their official capacities, seeking prospective injunctive relief. Plaintiff also reasserts individual capacity claims against Defendants Estock and Currier, his former and current primary care physicians.

The Court previously ruled that Plaintiff has alleged plausible individual capacity claims against Defendants Estock and Currier. *See* Doc. No. 79 at 6. However, Defendant Currier now moves to dismiss Plaintiff's individual capacity claim based on his purported failure to exhaust his administrative remedies prior to initiating this action, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Defendants Estock, Diaz, Montgomery, and Nasir move to dismiss Plaintiff's official capacity claims, arguing that Plaintiff fails to identify a policy, procedure, or regulation

---

[1] Because this matter is once again before the Court on a motion to dismiss, the Court accepts Plaintiff's allegations as true. *See Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976).

responsible for the alleged violation of his Eighth Amendment rights.

### 1. Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard thus demands more than a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

### 2. Individual Capacity Claim Against Defendant Currier

Defendant Currier moves to dismiss Plaintiff's Eighth Amendment individual capacity claim based on Plaintiff's purported failure to exhaust his administrative remedies prior to filing suit. Defendant Currier acknowledges that exhaustion is generally an issue better resolved through the summary judgment process, but argues that Plaintiff's failure to exhaust is clear from the face of his complaint.

"The PLRA mandates that inmates exhaust all available administrative remedies before filing "any suit challenging prison conditions," including, but not limited to, suits under § 1983." *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (citing *Woodford v. Ngo*, 548 U.S. 81, 85 (2006)). "Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim." *Albino*, 747 F.3d at 1170. The Ninth Circuit has held that "the appropriate procedural device for pretrial determination of whether administrative remedies have been exhausted under the PLRA . . . is a motion for summary judgment under Rule 56." *Id*. at 1168. "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." *Id.* at 1166.

Here, Defendant Currier accurately observes that Plaintiff does not allege that he exhausted his administrative remedies with respect to his Eighth Amendment claim against her, specifically. However, the Supreme Court has held "that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007); *see also Albino*, 747 F.3d at 1169. Defendant Currier cannot meet her burden of proving this affirmative defense simply by relying on the absence of any such allegations in Plaintiff's Third Amended Complaint. Moreover, this is not one of the "rare" instances where failure to exhaust is "clear from the face of the complaint." *Albino*, 747 F.3d at 1166. Accordingly, the Court denies Defendant Currier's request for dismissal without prejudice to raising the affirmative defense as a ground for summary judgment.

### 3. *Official Capacity Claims Against Defendants Estock, Diaz, Montgomery, and Nasir*

Defendants moves to dismiss Plaintiff's official capacity claims against Defendants Estock, Diaz, Montgomery, and Nasir. Plaintiff concedes that he is unable to state a claim for prospective injunctive relief against Dr. Estock, his former primary care physician, and requests that the Court dismiss his official capacity claim against

4

3:16-cv-02458-MMA-BLM

Defendant Estock without prejudice. Plaintiff argues that he has stated plausible official capacity claims against Defendants Diaz, Montgomery, and Nasir.[2]

"A plaintiff seeking injunctive relief against the State is not required to allege a named official's personal involvement in the acts or omissions constituting the alleged constitutional violation. Rather, a plaintiff need only identify the law or policy challenged as a constitutional violation and name the official within the entity who can appropriately respond to injunctive relief." *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013) (internal citations omitted). As the Court previously noted, "the official 'must have some connection with the enforcement of the act,' and that connection 'must be fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit.'" Doc. No. 79 at 7 (citing *Ex parte Young*, 209 U.S. 123, 157 (1908)).

The Court previously found that Plaintiff's allegations established that Defendants Diaz, Montgomery, and Nasir are sufficiently connected to the implementation and enforcement of CDCR healthcare policies and regulations, such that they could respond to a court order granting Plaintiff prospective injunctive relief. The Court finds that Plaintiff now alleges with sufficient specificity "a practice, policy, or procedure that animates the constitutional violation at issue." *Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 865 (9th Cir. 2016).

---

[2] Defendants express concern that Plaintiff has added an official capacity claim against Defendant Currier. *See Def. Memo.* at 6 n.2. Plaintiff previously brought only an individual capacity claim against Defendant Currier. In his Third Amended Complaint, Plaintiff once again indicates in the caption that Defendant Currier is sued only in her individual capacity. Moreover, Plaintiff does not defend the plausibility of an official capacity claim against Defendant Currier in his response to Defendants' pending motion to dismiss. Accordingly, despite some ambiguity in his pleadings, the Court is satisfied that Plaintiff did not amend his pleadings beyond the permissible scope set forth by the Court, and did not add an official capacity claim against Defendant Currier.

For example, Plaintiff alleges that in the absence of medically necessary treatment, he "remains at grave risk for renal failure." TAC ¶ 40. Plaintiff alleges that by denying him the necessary treatment, Defendants are violating Title 15, section 3350, of the California Code of Regulations, which requires the provision of "medical services for inmates, which are based on medical necessity and supported by outcome data as effective medical care." 15 Cal. Code. Reg. § 3350(a). Plaintiff further contends that Defendants are denying him constitutionally adequate care by improperly classifying surgical intervention to treat his condition as "not medically necessary." 15 Cal. Code Reg. § 3350.1(b) ("Surgery not medically necessary shall not be provided."). These allegations are sufficient to state a plausible Eighth Amendment claim against Defendants Diaz, Montgomery, and Nasir in their official capacities.

## CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** Defendants' motion and **DISMISSES** Plaintiff's Eighth Amendment official capacity claim against Defendant Estock without prejudice. The Court **DENIES** Defendants' motion to dismiss in all other respects as set forth above.

**IT IS SO ORDERED**.

DATE: March 7, 2019

HON. MICHAEL M. ANELLO
United States District Judge