**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHARLES HOLMES,<br><br>         Plaintiff,<br><br>v.<br><br>ESTOCK, et al.,<br><br>         Defendants. | Case No.: 3:16-cv-02458-MMA-BLM<br><br>**ORDER TEMPORARILY DEFERRING RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND REQUIRING PLAINTIFF'S COUNSEL TO CLARIFY STATUS AS ATTORNEY OF RECORD** |

   Plaintiff Charles Holmes, a California inmate, brings this civil rights action pursuant to 42 U.S.C. § 1983 alleging violations of his Eighth Amendment right to adequate medical care. Plaintiff, proceeding through counsel, filed a Third Amended Complaint ("TAC") against Defendants Estock and Currier, whom he sues in their individual capacities. *See* Doc. No. 81. Plaintiff also sues in their official capacities Defendant Diaz, the Director of the California Department of Corrections and Rehabilitation; Defendant Montgomery, the Warden of the institution where Plaintiff is currently housed; and Defendant Nasir, the institution's Healthcare Chief Executive Officer. *See id.* Defendants filed a motion for summary judgment as to all claims. *See* Doc. No. 96. To date, and despite receiving several extensions of time in which to do so,

*see* Doc. Nos. 100, 102, Plaintiff has not filed an opposition to the motion. Defendants filed a notice of non-opposition requesting the Court deem Defendants' facts undisputed and enter judgement on their behalf. *See* Doc. No. 104.

On January 10, 2020, the Court received a letter submitted on Plaintiff's behalf by an individual identifying herself as Plaintiff's advocate. *See* Doc. No. 106. According to Plaintiff's advocate, she is familiar with these legal proceedings and she is acquainted with Plaintiff's counsel of record. She points to Plaintiff's counsel's failure to file a response in opposition to Defendants' pending motion for summary judgment, and she states that her efforts to contact Plaintiff's counsel regarding this matter have been unsuccessful. Plaintiff's advocate explains that she is "writing to see if there is a way to do an official 'hold' or 'stay' or this can be just a request to pause, as we try to find another lawyer to come in as co-counsel or locate [Plaintiff's counsel] himself." *Id*. at 1.

"All motions to a judge of this court for ex parte orders must be made by a party appearing in propria persona or by an attorney of this court." SD CivLR 83.3.g.1. Moreover, "[w]henever a party has appeared by an attorney, the party may not afterwards appear or act in the party's own behalf in the action, or take any step in that action, unless an order of substitution has first have been made by the court." *Id.* § 83.3.f.1. "Until such substitution is approved by the court, the authority of the attorney of record will continue for all proper purposes." *Id*. § 83.3.f.2. As such, Plaintiff's advocate lacks the standing or authority to request a stay of these proceedings, and Plaintiff must file the requisite notice of substitution as a condition precedent to representing himself and requesting any such relief.

In the meantime, however, the Court has the authority and discretion to seek clarification regarding whether Plaintiff's counsel continues to represent Plaintiff in these proceedings. Accordingly, the Court temporarily **DEFERS** ruling on Defendant's motion for summary judgment and **ORDERS** Plaintiff's counsel to clarify his status as attorney of record for Plaintiff in this action by filing either a Notice of Continuing Appearance as Attorney of Record, a Notice of Substitution of Attorney of Record, or a

2

3:16-cv-02458-MMA-BLM

Motion to Withdraw as Attorney of Record, on or before **February 14, 2020**.  In the event counsel chooses to file a motion to withdraw, he must contact the undersigned's Chambers to obtain a hearing date prior to doing so.

**IT IS SO ORDERED**.

DATE: January 28, 2020

_____
HON. MICHAEL M. ANELLO
United States District Judge