# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES HOLMES,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>ESTOCK, et al.,<br><br>　　　　　　　　　Defendants. | Case No. 3:16-cv-02458-MMA-BLM<br><br>**ORDER RE: PLAINTIFF'S EX PARTE MOTION FOR EXTENSION OF TIME**<br><br>[Doc. No. 111] |

Plaintiff Charles Holmes, a California inmate, brings this civil rights action pursuant to 42 U.S.C. § 1983 alleging violations of his Eighth Amendment right to adequate medical care. Plaintiff, proceeding through counsel, has filed a Third Amended Complaint ("TAC") against Defendants. *See* Doc. No. 81. Defendants move for summary judgment as to all claims. *See* Doc. No. 96. To date, for reasons set forth in an order issued by the Court on January 29, 2020, *see* Doc. No. 110, Plaintiff has not filed a response in opposition to Defendants' motion for summary judgment despite being granted multiple extensions of time in which to do so. *See* Doc. Nos. 100, 102, 110.

Plaintiff now moves for an additional extension of time in which to file a response in opposition to Defendants' motion. *See* Doc. No. 111. Plaintiff's counsel has submitted a declaration in support of the ex parte motion. *See id.* Plaintiff's counsel sets forth several grounds in his declaration regarding the failure to file a response brief, and states that he intends to withdraw as counsel of record. As such, Plaintiff's counsel

1

requests that the Court grant Plaintiff an additional sixty (60) days in which to file a response brief, either proceeding through new counsel or *pro se*.

As the Court has previously explained, "a summary judgment motion must be decided on the merits, and it 'must be denied on no other grounds than that the movant has failed to meet its burden of demonstrating the absence of triable issues.'" Doc. No. 110 at 2 (citing *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 950 (9th Cir. 1993)). The Court prefers not to proceed in this matter unless absolutely necessary without a substantive response to Defendants' motion for summary judgment.

Accordingly, the Court **GRANTS** Plaintiff's ex parte motion. Plaintiff, proceeding through counsel or *pro se*, must file a response in opposition to Defendants' motion for summary judgment on or before **April 17, 2020**. If Plaintiff files a timely response, Defendants may file a reply in support of their motion on or before **April 30, 2020**.

In addition, if Plaintiff retains new counsel to represent him in this action, he must file a Notice of Substitution of Counsel as soon thereafter as practicable. If Plaintiff does not retain new counsel and wishes to proceed *pro se*, Plaintiff must file a Notice substituting himself as counsel of record. If Plaintiff does not retain new counsel and does not wish to proceed *pro se*, Plaintiff's current counsel of record must file a Motion to Withdraw as Counsel. The appropriate Notice of Substitution or Motion to Withdraw must be filed on or before **April 3, 2020**.

**IT IS SO ORDERED**.

DATE: February 14, 2020

_____
HON. MICHAEL M. ANELLO
United States District Judge