UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES HOLMES,<br><br>                          Plaintiff,<br><br>v.<br><br>DR. ESTOCK, et al.,<br><br>                          Defendants. | Case No.: 16cv2458-MMA(BLM)<br><br>**ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILING TO COMPLY WITH THIS COURT'S ORDERS** |

Defendants filed a Motion for Summary Judgement ("MSJ") on October 4, 2019. ECF No. 96. Plaintiff's opposition to Defendants' MSJ was initially due on October 28, 2019. ECF No. 99. The parties filed a joint motion to continue the deadline and in support, Mr. Brian A. Vogel, Plaintiff's counsel, filed a declaration stating that the continuance was needed because of the voluminous amount of medical records and Mr. Vogel's "heavy hearing and motion court schedule." ECF No. 99-1 at ¶ 5. The Court granted the parties' joint motion to continue the deadline to October 31, 2019. ECF No. 100.

On November 1, 2019, Plaintiff sought to continue the deadline to respond to the MSJ to November 6, 2019. ECF No. 101. In support, Mr. Vogel declared that the continuance was necessary because he "lost power to his home and, consequently, lost a significant portion of both the statement of disputed/undisputed facts as well as the Opposition to MSJ Motion" due

to the "high winds and the ignition of the Maria Fire." ECF No. 101-1 at ¶ 5. The Court granted Plaintiff's motion to continue the deadline to November 6, 2019. ECF No. 102. Plaintiff did not file an opposition on November 6, 2019 as ordered and on January 28, 2020, the Court issued an order temporarily deferring ruling on Defendants' MSJ and ordering Mr. Vogel to clarify his status as attorney of record for Plaintiff by filing either a Notice of Continuing Appearance as Attorney of Record, a Notice of Substitution of Attorney of Record, or a Motion to Withdraw as Attorney of Record by February 14, 2020. ECF No. 107. That same day, Plaintiff filed an *ex parte* motion to continue his deadline to file an opposition to February 11, 2020. ECF No. 108. In support, Mr. Vogel again declared that he lost power to his home and a substantial portion of the opposition due to the Maria Fire on October 31, 2019. ECF No. 108-1 at ¶ 6. He further declared that his "primary paralegal assigned to this matter unexpectedly became unavailable to assist counsel in the drafting and filing of the motion and created a substantial negative impact upon the productivity of the office[,]" his "mother suffered a problem with her hip and required assistance[,]" and his "son then broke his collarbone in a hockey game and required surgery" requiring counsel to take a leave of absence from work. Id. at ¶ ¶ 7-8. Mr. Vogel declared that he was now "appropriately restaffed for this case" and the Court granted Plaintiff's motion. Id. at ¶ 11; see also ECF No. 110.

On February 10, 2020, Plaintiff filed a motion to continue his opposition deadline by sixty days. ECF No. 111. In support, Mr. Vogel declared that due to the personal issues outlined in his January 28, 2020 declaration, he was "unable to complete the Opposition to the Motion for Summary Judgment in this matter [and] unable to continue to represent Charles Holmes." Id. at ¶ 2. The Court granted Plaintiff's motion, continued the opposition deadline to April 17, 2020, and ordered Plaintiff to file a notice of substitution of counsel or a motion to withdraw as counsel by April 3, 2020. ECF No. 112.

On April 4, 2020, Plaintiff filed a motion to continue his opposition deadline by sixty days. ECF No. 115. In support, Mr. Vogel declared that due to the personal issues outlined in his

January 28, 2020 declaration, he was "unable to complete the Opposition to the Motion for Summary Judgment in this matter [and] unable to continue to represent Charles Holmes." ECF No. 115-1 at ¶ 2.  The Court granted Plaintiff's motion, continued the opposition deadline to June 15, 2020, and stated that "[t]he Court will grant no further extensions of this deadline so long as Plaintiff's counsel remains counsel of record in this matter." ECF No. 116.

On June 15, 2020, Plaintiff filed a motion to continue his opposition deadline to August 15, 2020.  ECF No. 117.  In support, Mr. Vogel declared that due to the personal issues outlined in his January 28, 2020 declaration, he was "unable to complete the Opposition to the Motion for Summary Judgment in this matter [and] unable to continue to represent Charles Holmes." ECF No. 117-1 at ¶ 2.  Defendants opposed the motion on June 29, 2020.  ECF No. 119.

On July 10, 2020, the Court held an attorneys-only Case Management Videoconference to discuss the status of the case.  ECF No. 121.  Ms. Lisa Freund appeared on behalf of Defendants and Mr. Brian Vogel appeared on behalf of Plaintiff.  Id.  During the conference, Mr. Vogel represented that he was prepared to file Plaintiff's opposition to Defendants' MSJ on July 17, 2020.  That same day, in light of Mr. Vogel's representation, the Court ordered Plaintiff to file his opposition to Defendants' MSJ on or before July 17, 2020 and Defendants to file any reply to the opposition on or before July 31, 2020.  ECF No. 122.

On July 17, 2020, Plaintiff filed an *Ex Parte* Motion to continue the deadline for filing his opposition to July 22, 2020.  ECF No. 123.  In support, Mr. Vogel declared that

> Plaintiff's Counsel prepared the Opposition to Defendants' Motion for Summary Judgement along with supporting documents and was prepared to timely file the documents on July 17, 2020 as ordered. However, when Plaintiff's Counsel reviewed Plaintiff's Exhibits in Opposition to Defendants' Motion for Summary Judgement which were organized and scanned by an outside paralegal recently hired by Plaintiff's Counsel, he found that many of the documents were out of order, did not correspond to the citations set forth in Plaintiff's Opposition to Defendant's Motion for Summary Judgment and Plaintiff's Separate Statement of Facts in Opposition to Defendant's Motion for Summary Judgement and numerous

Plaintiff's Counsel was unable to correlate the exhibits to timely file the Opposition. ECF No. 123-1 at ¶ 9.  The Court granted the motion on July 20, 2020 and warned Mr. Vogel that a failure to comply with the order could result in the imposition of sanctions.  ECF No. 124.

On July 22, 2020, Plaintiff filed an *Ex Parte* Motion to continue the opposition deadline to July 29, 2020.  ECF No. 125.  Plaintiff's motion and counsel's declaration in support of the motion were nearly identical to the July 17, 2020 motion and declaration [see ECF Nos. 123, 123-1] and provided the same reasoning in support of his request.  ECF No. 125.  Specifically,

> Plaintiff's Counsel prepared the Opposition to Defendants' Motion for Summary Judgement along with supporting documents and was prepared to timely file the documents on July 22, 2020 as ordered.  However, when Plaintiff's Counsel reviewed Plaintiff's Exhibits in Opposition to Defendants' Motion for Summary Judgement which were organized and scanned by an outside paralegal recently hired by Plaintiff's Counsel, he found that many of the documents were still out of order, did not correspond to the citations set forth in Plaintiff's Opposition to Defendant's Motion for Summary Judgment and Plaintiff's Separate Statement of Facts in Opposition to Defendant's Motion for Summary Judgement and Plaintiff's Counsel was unable to correlate the exhibits to timely file the Opposition.

ECF No. 125-1 at ¶ 9.  The motion also contained a second declaration in support from Joel Saunders, the legal assistant helping with the preparation of the opposition.  ECF No. 125-2. Mr. Saunders declared that he became aware that the exhibits were "out of order and missing supporting documents" on July 17, 2020 and that the repeated moving of the files in an attempt to correct the issue "resulted in unexpected formatting errors which required a significant amount of time to correct" and were unable to be corrected by July 22, 2020.  Id. at ¶¶ 4-9. The Court granted the motion on July 23, 2020 and warned Mr. Vogel that a failure to comply with the order could result in the imposition of sanctions.  ECF No. 127.

Despite having 10 months to respond to Defendants' motion, stating several times that the opposition was almost finished and ready to file, and receiving an additional two weeks to finalize the opposition, Plaintiff's counsel still has not filed Plaintiff's opposition.  This is

unacceptable. Mr. Vogel repeatedly has stated that his failure to timely file an opposition to the MSJ "was not within the reasonable control of Plaintiff" and is instead due to Mr. Vogel's personal issues and professional staffing issues. ECF Nos. 108, 108-1, 115-1, 117, 117-1, 123, 123-1, 125, 125-1. Therefore, it is hereby ordered that Mr. Brian A. Vogel appear <u>in person</u> before the Honorable Barbara L. Major on **August 20, 2020** at **2:00 p.m.** in <u>Courtroom 3A, U.S. District Court, 221 West Broadway, San Diego, California 92101</u> to show cause why sanctions should not be imposed against him for failing to follow this Court's orders. If Mr. Vogel files the opposition by **August 7, 2020**, the Court will vacate the OSC hearing and not impose sanctions.[1] If the opposition is not filed on or before **August 7, 2020**, Mr. Vogel must appear in court as ordered and the Court will consider the imposition of monetary and disciplinary sanctions.

**IT IS SO ORDERED**.

Dated: 8/3/2020

Hon. Barbara L. Major
United States Magistrate Judge

---

[1] If Mr. Vogel files the opposition by August 7, 2020, Defendants must file any reply to the opposition on or before **August 21, 2020**.