UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES HOLMES,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DR. ESTOCK, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 16cv2458-MMA(BLM)<br><br>**ORDER SETTING MANDATORY SETTLEMENT CONFERENCE** |

On February 16, 2021, Judge Michael M. Anello issued an Order Denying Defendants' Motion for Summary Judgment. ECF No. 145. In the order, Judge Anello directed the parties to "jointly contact the chambers of the assigned magistrate judge, within ten (10) business days of the date this Order is filed, for the purpose of scheduling a settlement conference at the convenience of the magistrate judge." Id. at 53. On February 24, 2021, after consulting with Plaintiff's counsel, defense counsel, Ms. Lisa Freund, contacted Magistrate Judge Barbara L. Major's Chambers regarding counsels' availability for a settlement conference. In light of Judge Anello's order and Ms. Freund's representations, the Court issues the following orders:

　　　　1.　　The Court will hold a videoconference Mandatory Settlement Conference ("MSC") on **March 3, 2021** at **9:30 a.m.**

　　　　2.　　The Court will use its official Zoom video conferencing account to hold the MSC. **IF YOU ARE UNFAMILIAR WITH ZOOM**: Zoom is available on computers through a download on the Zoom website (https://zoom.us/meetings) or on mobile devices through the

installation of a free app.[1]  Joining a Zoom conference does not require creating a Zoom account, but it does require downloading the .exe file (if using a computer) or the app (if using a mobile device).  Participants are encouraged to create an account, install Zoom and familiarize themselves with Zoom in advance of the MSC.[2]  There is a cost-free option for creating a Zoom account.

3. Prior to the start of the MSC, the Court will e-mail each MSC participant an invitation to join a Zoom video conference.  Again, if possible, <u>participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices often offer inferior performance</u>.  Participants shall join the video conference by following the ZoomGov Meeting hyperlink in the invitation.  **Participants who do not have Zoom already installed on their device will be prompted to download and install Zoom before proceeding when they click on the ZoomGov Meeting hyperlink**.  Zoom may then prompt participants to enter the password included in the invitation. All participants will be placed in a waiting room until the MSC begins.

4. Plaintiff's counsel is responsible for coordinating the appearance of Plaintiff at the MSC.  Plaintiff may participate in the MSC telephonically by calling the number provided in the Zoom invitation.  Plaintiff's counsel is responsible for providing Plaintiff and/or his facility with the necessary Zoom information.

5. Each participant should plan to <u>join the Zoom video conference at least five minutes before the start of the MSC</u> to ensure that the MSC begins promptly at **9:30 A.M.  The Zoom e-mail invitation may indicate an earlier start time, but the MSC will begin at**

---

[1] Participants should use a device with a camera to fully participate in the video conference. If possible, participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices may offer inferior performance.

[2] For help getting started with Zoom, visit: https://support.zoom.us/hc/en-us/categories/200101697-Getting-Started

**the Court-scheduled time**.

6. Zoom's functionalities will allow the Court to conduct the MSC as it ordinarily would conduct an in-person MSC. That is, the Court will begin the MSC with all participants joined together in a main session. After an initial discussion in the main session, the Court will divide participants into separate, confidential sessions, which Zoom calls Breakout Rooms.[3] In a Breakout Room, the Court will be able to communicate with participants from a single party in confidence. Breakout Rooms will also allow parties and counsel to communicate confidentially without the Court.

7. No later than **February 26, 2021**, counsel for each party shall send an e-mail to the Court at **efile_Major@casd.uscourts.gov** containing the following:

a. The **name and title of each participant**, including all parties and party representatives with full settlement authority, claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation;

b. An **e-mail address for each participant** to receive the Zoom video conference invitation; and

c. A **telephone number where each participant may be reached** so that if technical difficulties arise, the Court will be in a position to proceed telephonically instead of by video conference. (If counsel prefers to have all participants of their party on a single conference call, counsel may provide a conference number and appropriate call-in information, including an access code, where all counsel and parties or party representatives for that side may be reached as an alternative to providing individual telephone numbers for each participant.)

8. **Confidential Settlement Statements Required**: No later than **March 1, 2021**, the parties shall submit directly to Magistrate Judge Major's chambers

---

[3] For more information on what to expect when participating in a Zoom Breakout Room, visit: https://support.zoom.us/hc/en-us/articles/115005769646

(**efile_major@casd.uscourts.gov**) confidential settlement statements no more than ten (10) pages in length.  **These confidential statements shall not be filed or served on opposing counsel.**  Each party's confidential statement must set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including any previous settlement negotiations, mediation sessions, or mediation efforts, the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the settlement conference.  If a specific demand or offer for settlement cannot be made at the time the brief is submitted, then the reasons therefore must be stated along with a statement as to when the party will be in a position to state a demand or make an offer.

General statements that a party will "negotiate in good faith" is not a specific demand or offer contemplated by this Order.  It is assumed that all parties will negotiate in good faith.

9. **Full Settlement Authority Required**: In addition to counsel who will try the case, a party or party representative with full settlement authority[4] must be present for the conference.  In the case of a corporate entity, an authorized representative of the corporation who is not retained outside counsel must be present and must have discretionary authority to commit the company to pay an amount up to the amount of Plaintiff's prayer (excluding punitive damages prayers).  The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting

---

[4] "Full settlement authority" means that the individuals at the settlement conference must be authorized to explore settlement options fully and to agree at that time to any settlement terms acceptable to the parties.  Heileman Brewing Co. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party.  Pitman v. Brinker Int'l, Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003).  The purpose of requiring a person with unlimited settlement authority to attend the conference contemplates that the person's view of the case may be altered during the face-to-face conference.  Id. at 486.  A limited or a sum certain of authority is not adequate.  See Nick v. Morgan's Foods, Inc., 270 F.3d 590, 595-97 (8th Cir. 2001).

a superior. <u>Counsel for a government entity may be excused from this requirement so long as the government attorney who attends the Mandatory Settlement Conference (1) has primary responsibility for handling the case, and (2) may negotiate settlement offers which the attorney is willing to recommend to the government official having ultimate settlement authority</u>.

10. Any request to continue the Mandatory Settlement Conference or request for relief from any of the provisions or requirements of this Order must be sought by a **written <u>ex parte</u> application**. The application must (1) be supported by a declaration of counsel setting forth the reasons and justifications for the relief requested, (2) confirm compliance with Civil Local Rule 83.3(h), and (3) report the position of opposing counsel or any unrepresented parties subject to the Order. **Absent good cause, requests for continuances will <u>not</u> be considered unless submitted <u>in writing</u> no fewer than (7) days prior to the scheduled conference**.

**<u>If the case is settled in its entirety before the scheduled date of the conference, counsel and any unrepresented parties must still appear in person, unless a written joint notice confirming the complete settlement of the case is filed no fewer than twenty-four (24) hours before the scheduled conference</u>**.

11. All participants shall display the same level of professionalism during the MSC and be prepared to devote their full attention to the MSC as if they were attending in person. Because Zoom may quickly deplete the battery of a participant's device, <u>each participant should ensure that their device is plugged in or that a charging cable is readily available during the video conference</u>.

**IT IS SO ORDERED.**

Dated: 2/24/2021

Hon. Barbara L. Major
United States Magistrate Judge