UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES HOLMES,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ESTOCK, et al.,<br><br>　　　　　　　　　　Defendants. | Case No. 16-cv-2458-MMA (BLM)<br><br>**ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT ISSUE FOR FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDER; AND**<br><br>**VACATING REMAINING PRETRIAL DEADLINES AND TRIAL DATES** |

　　　Plaintiff Charles Holmes, a California inmate proceeding through counsel, brings this civil rights action pursuant to 42 U.S.C. § 1983 alleging violations of his Eighth Amendment right to adequate medical care. Trial is currently scheduled to begin on February 22, 2022.

　　　Throughout this case, Plaintiff's counsel, Mr. Brian Arnold Vogel, has repeatedly failed to meet deadlines and comply with Court orders. Of note, Mr. Arnold failed to file an opposition to Defendants' motion for summary judgment by the parties' agreed-upon

...

extended deadline of October 31, 2019.  *See* Doc. No. 102.  Instead, on November 1, 2019, Mr. Vogel requested to extend the then-lapsed deadline to November 6, 2019, Doc. No. 101, which the Court granted, Doc. No. 102.  Mr. Vogel, however, did not file an opposition by November 6, 2019.  Accordingly, the Court issued an order deferring ruling on Defendants' motion for summary judgment and ordering Mr. Vogel to clarify his status as attorney of record.  *See* Doc. No. 107.  That same day, Mr. Vogel filed an *ex parte* motion to continue the opposition deadline, Doc. No. 108, which the Court granted, Doc. No. 110.

Thereafter, Mr. Vogel filed five requests to extend the deadline to file an opposition, *see* Doc. Nos. 111, 115, 117, 123, 125, ultimately culminating in a final deadline of July 29, 2020; the Court clearly indicated that no further extensions would be granted.  *See* Doc. No. 127.  Nonetheless, Mr. Vogel did not file an opposition on or before July 29, 2020, and the court issued an Order to Show Cause why Mr. Vogel should not be sanctioned for failing to comply with the Court's orders.  Doc. No. 128. Mr. Vogel ultimately purged his contempt by filing an opposition to Defendants' motion for summary judgment on August 24, 2020.  Doc. Nos. 131–33.

On May 6, 2021, the Court issued a Pretrial Scheduling Order directing the parties to, among other things, comply with the pretrial disclosure requirements of Federal Rule of Civil Procedure 26 and file memoranda of contentions of fact and law by December 3, 2021 and December 10, 2021, respectively.  *See* Doc. No. 153.  Those dates have since passed and Mr. Vogel has neither filed the required documents nor sought an extension of the time to do so.

\* \* \*

Mr. Vogel has previously offered a litany of excuses for his failure to represent his client in a timely manner, but none are offered to excuse his failure to meet these pretrial deadlines. His failure to comply with the Court's Pretrial Scheduling Order is, alone, subject to sanctions. *See* Fed. R. Civ. P. 16(f). But more importantly, this case is scheduled to proceed to trial and Plaintiff's failure to disclose any exhibits or witnesses is, on the present record, fatal. *See* Fed. R. Civ. P. 37(c)(1) (explaining that a party who fails to comply with Rule 26's pretrial disclosures may not use the undisclosed evidence or witnesses at trial "unless the failure was substantially justified or is harmless").

Based upon Plaintiff's apparent intention to not present any exhibits or call any witnesses, it is unclear if Plaintiff intends to proceed to trial or if he has abandoned this action. In light of this uncertainty, the Court **VACATES** all remaining pretrial deadlines as set in the Court's Pretrial Scheduling Order, Doc. No. 153, and **VACATES** the currently scheduled Final Pretrial Conference and Jury Trial, set for January 12, 2022 and February 22, 2022, respectively.

The Court further **ORDERS** Mr. Vogel to **SHOW CAUSE** why sanctions should not be imposed—including dismissal of this action—for failure to prosecute the action or comply with the Court's Pretrial Scheduling Order **in writing** on or before **January 10, 2022**.[1] *See* Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 41(b); *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986) ("We have repeatedly upheld the imposition of the sanction of dismissal for failure to comply with pretrial procedures mandated by local rules and court orders."); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987). Mr. Vogel is further directed to explain how his failure to comply with the

---

[1] In determining whether dismissal is the appropriate sanction, the Court will consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (quoting *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986)).

1 | Court's Pretrial Scheduling Order is substantially justified or harmless such that the Court
2 | should grant Plaintiff additional time to comply with Rule 26.
3 |     **IT IS SO ORDERED**.
4 | Dated:  December 20, 2021

                            HON. MICHAEL M. ANELLO
                            United States District Judge