UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES HOLMES,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ESTOCK, et al.,<br><br>　　　　　　　　　　Defendants. | Case No. 16-cv-2458-MMA (BLM)<br><br>**NOTICE AND ORDER DISCHARGING OSC AND SETTING DEADLINE TO FILE MOTION TO WITHDRAW OR SUBSTITUTE COUNSEL** |

On December 20, 2021, the Court ordered Plaintiff's counsel, Mr. Brian Vogel, to show cause why the Court should not issue sanctions for his failure to prosecute the case and comply with various Court orders. Doc. No. 157 (the "OSC"). In the OSC, the Court detailed Mr. Vogel's history of noncompliance, ultimately culminating in his failure to file pretrial disclosures. *Id.* On January 10, 2022, Mr. Vogel filed a declaration responding to the OSC. Doc. No. 158.

According to Mr. Vogel, he contracted COVID-19 and was unable to meet the deadlines. *Id.* at 2. Mr. Vogel explains that he intends to "file a second motion to be relieved as counsel as soon as [he] can find suitable counsel for Mr. Holmes."[1] *Id.* at 3.

---

[1] Mr. Vogel has never previously sought to be relieved as counsel. *See* Docket. This, despite the Court's implicit direction to do so, or otherwise state his intent to actively represent his client. Doc. No. 107.

Mr. Vogel also "request[s] that the court consider a motion to modify the scheduling order in order to insure [sic] that Mr. Holmes' case gets heard." *Id.*

Based upon Mr. Vogel's representations, the Court **DISCHARGES** the OSC. The Court **DIRECTS** Mr. Vogel to file, no later than **March 11, 2022**, either: (1) a motion to substitute counsel; or (2) a motion to withdraw as counsel. If the latter, the Court will then sua sponte consider whether this case is appropriate for referral to its Pro Bono Panel for potential pro bono representation pursuant to General Order 596. Should Mr. Vogel fail to meet this deadline, the Court will impose a sanction of **$100.00 per day** until Mr. Vogel complies with this Order and purges himself of the contempt by filing such a motion. *See United States v. Ayres*, 166 F.3d 991, 995 (9th Cir. 1999) (holding that a "per diem fine imposed for each day a contemnor fails to comply with an affirmative court order" is a "paradigmatic civil contempt sanction[]"); *NLRB v. Ironworkers Local 433*, 169 F.3d 1217, 1222 (9th Cir. 1999) (describing per diem fines as a method of "coercing future compliance" with court orders); *see also In re Rubin*, 172 F.3d 876 (9th Cir. 1999) (affirming $100 per day contempt fine); *In re E. W. Const. Co., Inc.*, 21 F.3d 1112 (9th Cir. 1994) (same); *Rich v. Kirkland*, No. CV 11-4272-JLS (SPx), 2016 U.S. Dist. LEXIS 5657, at *12 (C.D. Cal. Jan. 15, 2016) (ordering $200 per day contempt sanction); *Facebook, Inc. v. Power Ventures, Inc.*, No. 08-CV-05780-LHK, 2017 U.S. Dist. LEXIS 125541, at *48 (N.D. Cal. Aug. 8, 2017) (ordering $100 per day contempt sanction).

Subsequent to the withdrawal or substitution of trial counsel, the Court will issue a scheduling order setting forth all remaining pretrial deadlines and hearings.

**IT IS SO ORDERED**.

Dated: January 14, 2022

HON. MICHAEL M. ANELLO
United States District Judge