UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES HOLMES,<br><br>            Plaintiff,<br><br>v.<br><br>ESTOCK, et al.,<br><br>            Defendants. | Case No. 16-cv-2458-MMA (BLM)<br><br>**ORDER FOLLOWING MAY 16, 2022 STATUS CONFERENCE** |

On May 16, 2022, the Court held a status conference for the primary purpose of determining whether Plaintiff Charles Holmes' attorney, Mr. Brian Vogel, intended to proceed as counsel. Prior to the hearing, the Court ordered Mr. Vogel to show cause why sanctions should not issue for failure to prosecute. *See* Doc. No. 157 (the "OSC"). The OSC details Mr. Vogel's history of noncompliance, which the Court incorporates by reference here. In sum, over the last two years Mr. Vogel missed eight deadlines, sought five extensions to oppose summary judgment, and was ordered to show cause twice for his failure to prosecute this case. Mr. Vogel's conduct and pattern of inaction significantly delayed the adjudication of this case. Resolution of Defendants' summary judgment motion was delayed by nearly one year, and due to Mr. Vogel's failure to meet key pretrial deadlines, the trial set to begin on February 22, 2022 has yet to be reset.

Based upon Mr. Vogel's representations, *see* Doc. No. 158, the Court discharged the OSC and ordered Mr. Vogel to file either a motion to withdraw from the case or

notice of substitution by March 11, 2022, *see* Doc. No. 161.  The Court warned Mr. Vogel that if he failed to meet this deadline, the Court would impose a sanction of $100 per day.  *Id.*

"[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966) (internal citations omitted).  Civil contempt occurs when a party disobeys "a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *In re Dual—Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993); *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006).  "The contempt need not be willful, and there is no good faith exception to the requirement of obedience to a court order. . . . But a person should not be held in contempt if his action appears to be based on a good faith and reasonable interpretation of the court's order." *In re Dual-Deck*, 10 F.3d at 695 (internal citations, quotations, and alterations omitted).

"Civil contempt is characterized by the court's desire to compel obedience to a court order or to compensate the contemnor's adversary for the injuries which result from the noncompliance." *United States v. Bright*, 596 F.3d 683, 695–96 (9th Cir. 2010) (internal citation omitted).  Accordingly, there are two forms of civil contempt sanctions: compensatory and coercive. *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983).  Coercive civil sanctions are "intended to coerce the contemnor to comply with the court's orders in the future" and are therefore conditioned upon the contemnor's continued noncompliance. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1481 (9th Cir. 1992).  Thus, when imposing a coercive civil contempt sanction, the court must provide a "subsequent opportunity to reduce or avoid the fine through compliance." *See Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 829 (1994).  Upon the contemnor's compliance, the coercive sanction ceases. *Id.*

To determine whether a coercive sanction is appropriate, courts must "consider the character and magnitude of the harm threatened by continued contumacy" as well as the

probable effectiveness the sanction. *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 517 (9th Cir. 1992). A "per diem fine imposed for each day a contemnor fails to comply with an affirmative court order" is a "paradigmatic civil contempt sanction." *See United States v. Ayres*, 166 F.3d 991, 995 (9th Cir. 1999); *NLRB v. Ironworkers Local 433*, 169 F.3d 1217, 1222 (9th Cir. 1999) (describing per diem fines as a method of "coercing future compliance" with court orders); *see also In re Rubin*, 172 F.3d 876 (9th Cir. 1999) (affirming $100 per day contempt fine); *In re E. W. Const. Co., Inc.*, 21 F.3d 1112 (9th Cir. 1994) (same); *Rich v. Kirkland*, No. CV 11-4272-JLS (SPx), 2016 U.S. Dist. LEXIS 5657, at *12 (C.D. Cal. Jan. 15, 2016) (ordering $200 per day contempt sanction); *Facebook, Inc. v. Power Ventures, Inc.*, No. 08-CV-05780-LHK, 2017 U.S. Dist. LEXIS 125541, at *48 (N.D. Cal. Aug. 8, 2017) (ordering $100 per day contempt sanction).

Mr. Vogel did not meet the March 11, 2022 deadline. By April 11, 2022, he had amassed a sanction of $3,000, and so the Court set a status conference for May 16, 2022 at 2:30 p.m. Doc. No. 163. At 1:39 p.m. on May 16, Mr. Vogel filed a motion to withdraw, which lacked both an accompanying declaration and proper notice of service on his client. Doc. No. 165. Accordingly, it did not comply with the local rules, *see* CivLR 83.3.f.3, and Mr. Vogel's contempt amounted to a sanction of $6,500.

Based upon Mr. Vogel's representations at the hearing, the Court found that his noncompliance ceased on May 16, 2022, and reduced the sanction to $3,250.[1] Doc. No. 166. The Court will also refer Mr. Vogel to the Standing Committee on Discipline for consideration of his conduct in this case so that the Committee may evaluate the propriety of Mr. Vogel's continued admission to practice in the Southern District of California and/or consider any other authorized actions the Committee deems appropriate after completing its investigation.

---

[1] Mr. Vogel has already satisfied his obligations. *See* Doc. No. 167.

Plaintiff participated in the status conference by telephone and consented to Mr. Vogel's withdrawal.² Accordingly, the Court granted Mr. Vogel's motion and now sua sponte reconsiders Plaintiff's prior motion for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) as the case has survived summary judgment and refers the case to its Pro Bono Panel for potential pro bono representation pursuant to G.O. 596, "Plan for the Representation of Pro Se Litigants in Civil Cases," which provides that the Court may appoint trial counsel as a matter of course in a prisoner civil rights case where summary judgment has been denied. Subsequent to the appointment of trial counsel, the Court will issue a scheduling order setting forth all relevant pretrial deadlines and hearings.

Moreover, as Plaintiff is currently housed at Kern Valley State Prison, the Court **DIRECTS** the Clerk of Court to update Plaintiff's address accordingly and mail him a copy of this Order. <u>Plaintiff is advised that until he obtains representation, he has an obligation to keep the Court and opposing parties apprised of his current address pursuant to Civil Local Rule 83.11.b.</u>

**IT IS SO ORDERED**.

Dated: May 18, 2022

HON. MICHAEL M. ANELLO
United States District Judge

---

² Mr. Vogel also provided the Court with a supporting declaration at the hearing.