UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES HOLMES,<br><br>                              Plaintiff,<br><br>v.<br><br>DR. ESTOCK, et al.,<br><br>                              Defendants. | Case No.: 16cv2458-MMA(BLM)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO REOPEN DISCOVERY FOR A LIMITED PURPOSE**<br><br>**[ECF No. 178]** |

Currently before the Court is Plaintiff's October 11, 2022 Motion to Reopen Discovery for a Limited purpose [ECF No. 178 ("Mot.")] and Defendants' October 18, 2022 opposition to the motion [ECF No. 179 ("Oppo.")]. For the reasons set forth below, Plaintiff's motion is **GRANTED IN PART**.

### **RELEVANT PROCEDURAL BACKGROUND**

Plaintiff, who was proceeding *pro se* at the time, initiated the instant matter on September 28, 2016 when he filed a complaint alleging violation of his Eighth Amendment right to adequate medical care and negligence. ECF No. 1.

On January 30, 2018, the Court granted Plaintiff's motion for substitution of attorney allowing Mr. Brian A. Vogel to substitute in as counsel for Plaintiff. ECF No. 22. On February 12, 2018, Mr. Vogel filed a motion to reopen fact discovery to enable Plaintiff to propound additional written discovery, resolve disputes regarding Defendants' discovery responses, and

depose five specific fact witnesses. ECF No. 25. Mr. Vogel noted that the parties also were scheduling expert depositions in accordance with the Court's scheduling order. Id. at 7-8; see also ECF Nos. 23 & 24. On February 16, 2018, the Court granted Plaintiff's motion to reopen discovery. ECF No. 28.

On May 16, 2022, District Judge Michael M. Anello held a status conference to determine if Mr. Vogel intended to continue as Plaintiff's counsel. ECF No. 168. Judge Anello described Mr. Vogel's history of noncompliance in the case stating that

> over the last two years Mr. Vogel missed eight deadlines, sought five extensions to oppose summary judgment, and was ordered to show cause twice for his failure to prosecute this case. Mr. Vogel's conduct and pattern of inaction significantly delayed the adjudication of this case. Resolution of Defendants' summary judgment motion was delayed by nearly one year, and due to Mr. Vogel's failure to meet key pretrial deadlines, the trial set to begin on February 22, 2022 has yet to be reset.

Id. at 1. Judge Anello "refer[ed] Mr. Vogel to the Standing Committee on Discipline for consideration of his conduct in this case so that the Committee may evaluate the propriety of Mr. Vogel's continued admission to practice in the Southern District of California and/or consider any other authorized actions the Committee deems appropriate after completing its investigation." Id. at 3. Judge Anello also *sua sponte* reconsidered Plaintiff's previous motion for appointment of counsel and referred the case to the Pro Bono Panel. Id. at 4.

On June 30, 2022, the Court issued an order appointing Kirsten Jackson and Jake Ryan of Latham & Watkins LLP as *pro bono* counsel for Plaintiff. ECF No. 169.

## **PLAINTIFF'S POSITION**

Plaintiff seeks to reopen discovery for ninety days to depose two Defendants, two experts, and four third-party care providers. Mot. at 6. Plaintiff argues there is good cause to reopen discovery because he was diligent by hiring counsel to represent him and protect his rights. Id. at 10. In addition, Plaintiff's current counsel has been diligently handling this case. Id. As soon

as they were appointed, current counsel began their efforts to obtain Mr. Vogel's case file and, finally succeeded on September 2, 2022, when "prior counsel delivered four boxes of paper documents and a thumb drive containing several electronic documents, which prior counsel represented was the entire client file he had for Mr. Holmes." ECF No. 178-1, Declaration of Michael L. Huggins In Support of Plaintiff Charles Holmes's Motion to Reopen Discovery for a Limited Purpose ("Huggins Decl.") at ¶ 2. Counsel's review of the produced documents and case file revealed that Mr. Vogel had not taken a single deposition. Id.; Mot. at 12; see also ECF No. 179-1, Declaration of PJ Lucca In Support of Defendants' Opposition to Plaintiff's Motion to Reopen Discovery ("Lucca Decl.") at ¶¶ 2-5 (Mr. Vogel conducted written discovery but did not depose any witnesses). Plaintiff argues there is good cause to reopen discovery because "prior counsel was grossly negligent in prosecuting this case" and additional limited discovery "would serve the interest of justice and public policy of adjudicating cases on the merits." Mot. at 11. Finally, Plaintiff argues that deposing the doctors who treated him "is essential" to preparing for mediation or trial and the depositions will provide information that cannot be obtained from reviewing the medical records alone. Id. at 13.

### **DEFENDANTS' POSITION**

Defendants contend that good cause does not exist to reopen discovery. Oppo. at 2. Defendants argue that the facts that Plaintiff is unhappy with his prior counsel's performance, that Plaintiff's new counsel would have done things differently, and that new counsel quickly sought relief from the discovery deadline are insufficient to establish good cause. Id. at 2-3. Defendants assert that Plaintiff voluntarily chose Mr. Vogel to represent him, that Mr. Vogel conducted extensive written discovery and ultimately defeated summary judgment, and that "no specific facts are provided to support the conclusory allegation that Plaintiff has been 'severely prejudiced,' because prior counsel failed to take depositions." Id. at 3-4. Defendants note that Plaintiff has not provided any details regarding the purpose of the requested depositions. Id. at 5. If the Court does reopen discovery, Defendants ask that the discovery period be limited to

1  sixty days and Plaintiff be limited to deposing four witnesses.  Id.

2  **LEGAL STANDARD**

3  Federal Rule of Civil Procedure 16

4  Once a Rule 16 scheduling order is issued, dates set forth therein may only be modified
5  "for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4); ECF No. 9 at 7
6  (scheduling order stating that dates will not be modified absent "good cause"). The Rule 16
7  "good cause" standard focuses on the "reasonable diligence" of the moving party.  Noyes v.
8  Kelly Services, 488 F.3d 1163, 1174 n.6 (9th Cir. 2007).  Essentially, "the focus is upon the
9  moving party's reasons for seeking modification," however, a court also may consider the
10 "existence or degree of prejudice to the party opposing the modification." Johnson v. Mammoth
11 Recreations, 975 F.2d 604, 609 (9th Cir. 1992).  "In the context of motions to reopen discovery,
12 the Ninth Circuit Court of Appeals ("Court of Appeals") has held that good cause requires the
13 movant to show it 'diligently pursued its previous discovery opportunities' and that allowing
14 additional discovery will preclude summary judgment." Lexington Ins. Co. v. Scott Homes
15 Multifamily, Inc., 2015 WL 751204, at *4 (D. Ariz. Feb. 23, 2015) (quoting Cornwell v. Electra
16 Cent. Credit Union, 439 F.3d 1018, 1026 (9th Cir. 2006) ) (citing Panatronic USA v. AT & T Corp.,
17 287 F.3d 840, 846 (9th Cir. 2002) ). There are several factors that a court may consider in
18 deciding whether to reopen discovery: "1) whether trial is imminent, 2) whether the request is
19 opposed,  3) whether the non-moving party would be prejudiced, 4) whether the moving party
20 was diligent in obtaining discovery within the guidelines established by the court, 5) the
21 foreseeability of the need for additional discovery in light of the time allowed for discovery by
22 the district court, and 6) the likelihood that the discovery will lead to relevant evidence."  Id.,
23 at *4 (quoting U.S. ex rel. Schumer v. Hughes Aircraft Co., 63 F.3d 1512, 1526 (9th Cir. 1995),
24 vacated on other grounds sub nom; see also Hughes Aircraft Co. v. U.S. ex rel. Schumer, 520
25 U.S. 939 (1997). "Whether to reopen discovery rests in the court's sound discretion." Bleek v.
26 Supervalu, Inc., 95 F. Supp. 2d 1118, 1120 (D. Mont. 2000) (citing U.S. ex rel. Schumer, 63 F.

27
4
28

1  3d at 1526).

2  Federal Rule of Civil Procedure 6

"When an act may or must be done within a specified time, the court may, for good cause, extend the time ... on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). To determine whether neglect is excusable, courts consider "(1) the danger of prejudice to the opposing parties; (2) the length of the delay and the potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the party seeking relief; and (4) whether that party acted in good faith." White v. Moore, 2022 WL 2189536, at *1 (C.D. Cal., Apr. 26, 2022) (citing Pincay v. Andrews, 389 F.3d 853, 855 (9th Cir. 2004) (en banc) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)).

## DISCUSSION

Plaintiff has demonstrated good cause for a limited reopening of discovery. The Court finds that Plaintiff has been diligent in pursing his discovery opportunities for purposes of Fed. R. Civ. P. 16. Plaintiff tried to and did conduct some discovery while he was proceeding *pro se*. After hiring Mr. Vogel, Plaintiff reasonably relied on his attorney to handle all aspects of his case, including discovery. Mr. Vogel obtained permission to reopen discovery, including deposing five fact witnesses, identified an expert, and advised the Court that the parties were scheduling expert depositions. While Mr. Vogel subsequently conducted written discovery, he did not depose any expert or fact witness. Due to Plaintiff's status as a prisoner and Mr. Vogel's history of noncompliant and unprofessional behavior in this case, the Court declines to attribute Mr. Vogel's failures to Plaintiff. In contrast, Plaintiff's current counsel have been diligent in obtaining the case files from Mr. Vogel, reviewing the discovery that was exchanged prior to their substitution into the case, and seeking relief from the Court for the missing discovery. Finally, while the request to reopen discovery is opposed, trial is not imminent, Defendant will not be

unduly prejudiced by a short additional discovery period, and the discovery is likely to reveal relevant evidence.

Given the unique circumstances of Plaintiff's prior representation, and because additional discovery will serve in the ultimate resolution of the case on the merits, the Court exercises its discretion and finds a limited reopening of discovery to be appropriate. See Calloway v. Scribner, 2017 WL 1317608, *1 (E.D. Cal. March 27, 2014)2017 WL 1317608, *1 (E.D. Cal. March 27, 2014) (noting that "[c]ourts have permitted the reopening of discovery where a state prisoner proceeding pro se moved to reopen discovery following the appointment or retention of counsel after the discovery cutoff date. In so doing, courts have considered not only the diligence of the prisoner in pursuing discovery, but also the necessity of additional discovery for trial preparation and for resolution of the matter on the merits.") (citing Draper v. Rosario, 2013 WL 6198945, at *1–2 (E.D. Cal. Nov. 27, 2013) (court permitted *pro se* prisoner to reopen discovery when he acquired *pro bono* counsel after the discovery cut-off date; counsel alone did not entitle plaintiff to additional discovery, but limited additional discovery would serve the ultimate resolution of case on the merits); Woodard v. City of Menlo Park, 2012 WL 2119278, at *1–2 (N.D. Cal. June 11, 2012) (discovery reopened for *pro se* plaintiff who obtained counsel after the discovery cut-off date, noting that additional fact discovery would serve the interest of justice and the public policy of adjudicating cases on the merits).

For the reasons set forth above, the Court also finds that Plaintiff has demonstrated excusable neglect pursuant to Fed. R. Civ. P. 6. The Court highlights Mr. Vogel's failure to depose any witness, fact or expert, despite identifying the people he wanted to depose and obtaining the permission of the Court to do so, and surmises based upon Mr. Vogel's conduct in this case that he failed to keep Plaintiff informed of the case status such that correction of the discovery deficiencies was not within Plaintiff's reasonable control.

While the Court finds that Plaintiff has been diligent and demonstrated excusable neglect, that Court does not believe that the requested ninety days is appropriate. Accordingly, Plaintiff's

motion is **GRANTED IN PART** as follows:

  1. Discovery will be reopened for an additional 60 days until **December 30, 2022** for the purpose of deposing Doctors E. Estock, T. Currier, Bennett Feinberg, Richard Boxer, Marshall Stoller, Dean Hadley, James Wendell, and James Fawcett.

  2. No deposition may exceed four (4) hours.

**IT IS SO ORDERED**.

Dated: 10/28/2022

                *Barbara L. Major*
                Hon. Barbara L. Major
                United States Magistrate Judge