UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES HOLMES,<br><br>                                        Plaintiff,<br>v.<br>DR. ESTOCK, et al.,<br><br>                                        Defendants. | Case No.:  16-cv-2458-MMA-BLM<br><br>**NOTICE AND ORDER PROVIDING TENTATIVE RULINGS RE: DAUBERT MOTIONS, MOTIONS IN LIMINE, AND OBJECTIONS**<br><br>[Doc. Nos. 196, 200, 201] |

On December 12, 2023, the parties in this action will appear before the Court for a final pretrial conference and hearing on Plaintiff's *Daubert* motions, motions in limine, and objections to pretrial disclosures.  *See* Doc. Nos. 196, 200, 201.  In anticipation of the hearing, the Court issues the following tentative rulings on the pending motions and objections.

## Plaintiff's Objections

1. The Court tentatively **SUSTAINS** Plaintiff's pretrial objection to Defendants' previously undisclosed witnesses.  As Defendants have not responded to Plaintiff's objections, the Court tentatively finds that Defendants' failure to disclose these

1  witnesses pursuant to Federal Rule of Civil Procedure 26 was not substantially justified
2  or harmless and that these witnesses are therefore subject to exclusion under Federal Rule
3  of Civil Procedure 37(c)(1).
4       2.    The Court tentatively **OVERRULES** Plaintiff's objection to Defendants'
5  exhibits for failure to identify each exhibit by Bates stamp number. The Court tentatively
6  finds that Plaintiff's ability to identify and object to Defendants' exhibits renders
7  Defendants' noncompliance with Civil Local Rule 16.1.f.2.c harmless.
8       3.    The Court tentatively **OVERRULES** all of Plaintiff's evidentiary objections
9  **without prejudice** to raising these objections at trial. The Court tentatively finds it
10 cannot determine the admissibility of Defendants' exhibits until the Court receives the
11 exhibits and Defendants seek to offer them into evidence.

## PLAINTIFF'S MOTIONS IN LIMINE

13      1.    The Court tentatively **GRANTS** Plaintiff's unopposed motion to appear at
14 trial unshackled and in court-appropriate civilian attire.
15      2.    The Court tentatively **GRANTS** Plaintiff's unopposed motion to exclude
16 evidence, testimony, or reference to his criminal history from all phases of trial, for any
17 purpose, including: (1) any contacts with law enforcement; (2) any criminal charges or
18 convictions; (3) any sentence that Mr. Holmes is serving or may serve; and (4) any
19 documents pertaining to Mr. Holmes's criminal history pursuant to Federal Rules of
20 Evidence 402 and 403.
21      3.    The Court tentatively **DENIES** Plaintiff's motion to preclude Defendants
22 from objecting to Plaintiff's deposition and documentary evidence for failure to raise
23 timely objections to his pretrial disclosures under Federal Rule of Civil Procedure
24 26(a)(3)(B). The Court tentatively finds that good cause exists to exclude Defendants'
25 noncompliance as the result would be unduly harsh and the request is overly broad.
26      4.    The Court tentatively **GRANTS** Plaintiff's unopposed motion to exclude
27 nonparty witnesses from the courtroom while other witnesses are testifying pursuant to
28 Federal Rule of Evidence 615.

5. The Court tentatively **DENIES** Plaintiff's motion to exclude all evidence, arguments, and references to "drug-seeking" behavior **without prejudice**. The Court tentatively finds that this evidence is relevant and that any risk of prejudice does not outweigh its probative value. The Court further tentatively finds that this evidence is not character evidence to the extent it is not being offered to prove Plaintiff acted in accordance with a particular trait on a later occasion. Accordingly, the Court tentatively finds this evidence is not subject to exclusion under Federal Rules of Evidence 403 and 404.

6. The Court tentatively **GRANTS** Plaintiff's unopposed motion to exclude evidence, arguments, and reference to any inoperative complaints pursuant to Federal Rules of Evidence 402 and 403.

## PLAINTIFF'S DAUBERT MOTIONS

1. The Court tentatively **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion to exclude the expert testimony of Dr. Bennett Feinberg.

   A. The Court tentatively finds that Dr. Feinberg's expert opinions that: he can find no support in the medical record for deliberate indifference; and Holmes' chronic urological condition has been appropriately managed with due care to his needs, are subject to exclusion under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Medical expert witnesses cannot testify to legal conclusions, nor can they testify using such legally significant terms. *See United States v. Tamman*, 782 F.3d 543, 552 (9th Cir. 2015). Moreover, the Court tentatively finds that Dr. Feinberg lacks the necessary qualifications to reliably testify to the appropriateness of the treatment Plaintiff received for his urological condition, including pain medication.

   B. The Court tentatively finds that Dr. Feinberg's opinions regarding the cause of Plaintiff's bacterial infection are not subject to exclusion. However, the Court tentatively finds that Dr. Feinberg cannot testify to the cause of the infection as a matter of fact as this fact is in dispute.

   C. The Court tentatively finds that Dr. Feinberg's opinions regarding the lack of "underhanded motives" leading to Plaintiff's prison transfer are beyond the scope of his expert designation, not based on a reliable methodology, and subject to exclusion under Federal Rule of Evidence 702.

   D. The Court tentatively finds that Dr. Feinberg's opinions about "drug-seeking" behaviors are not subject to exclusion. Further, while the Court tentatively finds that Dr. Feinberg's testimony regarding Holmes' pain management is subject to exclusion, his testimony regarding the standard of pain management in the prison context and with respect to "drug-seeking" behavior is not subject to exclusion.

   E. The Court tentatively finds that Dr. Feinberg's opinions regarding Plaintiff's grievances are moot and therefore not relevant and subject to exclusion under Federal Rule of Evidence 702.

  2. The Court tentatively **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion to exclude the expert testimony of Dr. Richard Boxer.

   A. The Court tentatively finds that Dr. Boxer's opinion that there is no evidence of deliberate indifference is subject to exclusion under Federal Rule of Evidence 702 and *Daubert*, 509 U.S. 579.

   B. The Court tentatively finds that Dr. Boxer is sufficiently qualified to testify to the standard of pain management treatment for urological conditions and that Plaintiff's arguments in this respect go towards credibility and the weight of this evidence.

As these rulings are tentative, the Court looks forward to the oral arguments of counsel.

**IT IS SO ORDERED.**

Dated: December 6, 2023

              HON. MICHAEL M. ANELLO
              United States District Judge